# DOUGLAS A. BALDWIN and EDNA C. BALDWIN, Plaintiffs-Appellees, *v*. HAWAIIAN AGRONOMICS COMPANY, (International), Defendant-Appellant

No. 5116

April 18, 1972

RICHARDSON, C.J., ABE, LEVINSON AND KOBAYASHI, JJ., AND CIRCUIT JUDGE CHANG IN PLACE OF MARUMOTO, J., DISQUALIFIED

*Per Curiam.* In reviewing the record, as submitted to this court, it is apparent that substantial evidence is lacking in this case to sustain the factual findings of the trial court. *See Ashford v. Thos. Cook & Son, Ltd.*, 52 Haw. 113, 123, 471 P.2d 530, 536 (1970). We are of the opinion that the trial court erred in the following:

1) Sufficient evidence is lacking to sustain a breach of contract of employment at a monthly salary of $840.00 rather than $786.00.

2) The computation of the period of the alleged breach is also erroneous.

3) Appellees also failed to claim in their complaint for loss of house rental and the trial court's refusal to allow appellant to reopen the evidence was in error.

4) Computation of interest on alleged net loss of wages and federal taxes due thereon must be recomputed.

5) The trial court failed to arrive at any conclusion of law as to the effect of appellee Douglas A. Baldwin's taking an early retirement on his claim for alleged breach of contract of employment.

6) The trial court erred in its findings of fact (No. 7)

wherein the court found the $1,200.00 to be payment in salary. Appellant's Exhibit "A" shows it was paid for moving and hotel expenses of appellees.

Enumeration by this court of the above specifications of error is not intended to indicate that some of such findings cannot be borne out by the addition of other relevant material not presently in the record nor are our comments intended to resolve disputes involved, all of which remain open issues. It is, however, indicative of the inconsistencies between the record as it now stands and the conclusions of the trial court, which may in part be traceable to the violation of Rules 20 and 21 of the Rules of the Circuit Court of the First Circuit (prior to July 1, 1971), by appellees' attorney and the trial court, wherein appellees' counsel failed to seek appellant counsel's approval as to form of proposed findings of fact and conclusions of law prepared by appellees' counsel at the court's request and the trial court failed to require the adherence to said rules to give appellant's counsel an opportunity to present objections or submit his own proposed findings and conclusions prior to the signing and filing of appellees' document.

Reversed and remanded for new trial.

*Richard E. Stifel (Jenks, Kidwell, Goodsill & Anderson* of counsel) for defendant-appellant.

*Frank D. Padgett (Padgett, Greeley, Marumoto & Akinaka* of counsel) for plaintiffs-appellees.