LEON D. RICHARDSON and MARGIE J. RICHARDSON, husband and wife, and COPTHORNE N. V., a Netherland Antilles corporation, Plaintiffs-Appellants, *v.* HOWARD T. LANE, WILLIS SINSABAUGH, WATERFRONT PROPERTIES, INC., a Hawaii corporation, JOHN DOES 1-10, DOE PARTNERSHIPS 11-20, DOE CORPORATIONS 21-30, and DOE ENTITIES 31-40, Defendants-Appellees, and THE FIDELITY STANDARD LIFE INSURANCE COMPANY, Intervenor-Defendant/Appellee

NO. 11353

(CIVIL NO. 70332)

APRIL 3, 1987

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Plaintiffs-Appellants Leon D. Richardson and his wife, Margie J. Richardson (hereinafter the Richardsons), and Copthorne N.V. (Copthorne), a Netherland Antilles corporation (hereinafter where appropriate the Richardsons and Copthorne will be referred to collectively as Plaintiffs), appeal from the order dismissing their complaint against Defendants-Appellees Howard T. Lane (Lane), Willis Sinsabaugh (Sinsabaugh), and Waterfront Properties, Inc. (Waterfront), a Hawaii corporation (hereinafter where appropriate Lane, Sinsabaugh and Waterfront will be referred to collectively as Defendants), from the default judgments entered against them on the counterclaims of Lane and Sinsabaugh, and from the trial court's March 19, 1985 order award-

ing costs and attorney's fees to Sinsabaugh and Waterfront under Rule 68, Hawaii Rules of Civil Procedure (HRCP) (1980). We affirm, except for the order of March 19, 1985, which we order vacated.

This case began as a dispute between the parties over structural deficiencies in a residence purchased by the Richardsons from Lane[1] under an agreement of sale (agreement) which was later assigned to Copthorne. After the complaint, counterclaims against Plaintiffs by Lane for default on the agreement and by Lane and Sinsabaugh for defamation, and cross-claims between Lane and Sinsabaugh and Waterfront were filed, trial was scheduled for January 21, 1985. Meanwhile, the matter had deteriorated into a battle over discovery proceedings.

On January 16, 1985, as a result of the most current discovery proceedings dispute between Plaintiffs and Defendants, Lane filed a motion seeking, *inter alia,* (1) dismissal of the complaint; (2) default judgment against Plaintiffs on Lane's counterclaim; and (3) preclusion of the testimony of three of Plaintiffs' expert witnesses. The motion was heard on January 17, 1985, and on that day the trial court orally ordered that Plaintiffs' three experts would be precluded from testifying. Also on January 17, 1985, Lane filed another motion to dismiss alleging that Plaintiffs had failed to comply with a January 14, 1985 order that they deposit in court a sum equal to all payments that had not been made by them under the agreement. This motion was heard on January 18, 1985, and on the same day the trial court orally ordered Plaintiffs to deposit with the court $743,750 cash or other security by 9:30 a.m., January 21, 1985, the day of trial. Written orders denying the dismissals and the default judgment but granting the motion to preclude Plaintiffs' three experts from testifying and requiring Plaintiffs to deposit $743,750 with the court were entered on January 28, 1985.

On the morning of trial, the jury panel was present and Defendants appeared with their attorneys. Plaintiffs' attorney was present, but Plaintiffs were not. Plaintiffs' counsel filed an "Affidavit of Leon D. Richardson Disqualifying the Honorable Edwin Y. Sasaki" (Judge Sasaki), who had presided over Lane's dismissal motions and who was to be the trial judge. Judge Sasaki refused to disqualify himself. Plain-

---

[1] Waterfront Properties. Inc., was the real estate sales firm that handled the sale, and Willis Sinsabaugh was its agent-employee.

tiffs' counsel then told Judge Sasaki that Plaintiffs were unable to proceed to trial because of the sanctions imposed by Judge Sasaki and Judge Sasaki's refusal to disqualify himself. Judge Sasaki ordered the trial to proceed and directed the clerk to call the roll of the jurors. Plaintiffs' counsel then requested a bench conference at which he stated that Plaintiffs had instructed him "not to participate in this proceeding" because they were "being deprived of their constitutional right to trial by jury and to a trial judge who is impartial[.]" At the end of the bench conference, Plaintiffs' counsel left the courtroom. The trial court thereupon orally dismissed the complaint on its merits, dismissed the cross-claims between Lane and Sinsabaugh and Waterfront, entered a default against Plaintiffs on Lane's and Sinsabaugh's counterclaims, and allowed Defendants to present proof of damages. On January 24, 1985, the court entered findings of fact and conclusions of law, a judgment in favor of Lane and Sinsabaugh, and a separate judgment in favor of Sinsabaugh and Waterfront.[2]

The judgments (1) dismissed the complaint against all Defendants with prejudice; (2) cancelled the agreement of sale and terminated all of Plaintiffs' right, title and interest in the property; (3) authorized Lane to retain all sums paid under the agreement of sale; (4) awarded Lane and Sinsabaugh $1.00 on their counterclaims for defamation; (5) ordered issuance of a writ of possession to Lane; and (6) granted Defendants leave to move for attorney's fees.

On February 4, 1985, Plaintiffs filed a motion seeking (1) relief from the order dismissing the complaint and from the judgment, (2) a new trial, and (3) a stay of the judgment. After a hearing, which was attended by Plaintiffs' counsel, the motion was denied on February 26, 1985. Meanwhile, on February 19, 1985, Plaintiffs filed a motion to vacate the default judgment, the order of dismissal, and the order precluding Plaintiffs' expert witnesses' testimony, which was denied on March 19, 1985.

During the period when Plaintiffs were attacking the dismissals and judgments, Defendants moved for costs and attorney's fees and gave notice of their motions to Plaintiffs' counsel. Although neither Plaintiffs

---

[2]The Fidelity Standard Life Insurance Company, as the first mortgagee of the premises in dispute, was allowed to intervene on July 23, 1984. On January 17, 1985, an order was entered granting the intervenor's motion to declare its mortgage as having first priority and granting a separate trial of its cross-claims against Howard T. Lane.

nor their counsel appeared at the hearings on the motions, they did file written objections on "jurisdictional and constitutional grounds." On March 6, and 19, 1985, respectively, Lane's motion and Sinsabaugh's and Waterfront's motion for award of attorney's fees were granted.

Plaintiffs filed notices of appeal on February 25, 1985, and on April 18, 1985, which were both dismissed on jurisdictional grounds on December 31, 1985. On May 5, 1986, Plaintiffs filed another notice of appeal.

The following three questions are determinative of this appeal:

(1) Did the trial court err in dismissing Plaintiffs' complaint?

(2) Did the trial court err in entering default judgments in favor of Defendants on their counterclaims?

(3) Did the trial court err in denying Plaintiffs' motion to set aside the order dismissing its complaint and the default judgments?

We find no error. Additionally, for reasons discussed below we will not consider any alleged errors that occurred prior to dismissal of the complaint. Other matters raised by Plaintiffs on appeal are utterly without merit and will not be discussed.

I.

When Plaintiffs' counsel informed the trial court that Plaintiffs had instructed him not to participate further in the proceedings and left the courtroom, Plaintiffs effectively abandoned their cause of action and the trial court correctly dismissed the complaint under Rule 41(b), HRCP,[3] for lack of prosecution.

---

[3]Rule 41(b), Hawaii Rules of Civil Procedure (HRCP) (1980), provides:
    Rule 41. DISMISSAL OF ACTIONS.
                         *    *    *
    (b) Involuntary Dismissal: Effect Thereof.   For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Dismissals with prejudice are not favored, *see Lim v. Harvis Construction, Inc.,* 65 Haw. 71, 647 P.2d 290 (1982), and appellate courts will uphold such a sanction by the trial court only "when there is a 'clear record of delay or contumacious conduct . . . and where lesser sanctions would not serve the best interests of justice.'" *Bagalay v. Lahaina Restoration,* 60 Haw. 125, 132, 588 P.2d 416, 422 (1978) (quoting *Boazman v. Economics Laboratory, Inc.,* 537 F.2d 210, 212 (5th Cir. 1976) ); 9 Wright & Miller, Federal Practice and Procedure: *Civil* § 2369, at 195 (1971). A party's refusal to proceed with trial is cause for dismissal of his complaint. 9 Wright & Miller, *supra,* § 2370, at 209-210; *Michelson v. Moore-McCormack Lines, Inc.,* 429 F.2d 394 (2nd Cir. 1970); *Thompson v. Fleming,* 402 F.2d 266 (5th Cir. 1968); *Hooper v. Chrysler Motors Corp.,* 325 F.2d 321 (5th Cir. 1963), *cert. denied,* 377 U.S. 967, 84 S.Ct. 1647, 12 L.Ed.2d 736 (1964).

A case factually similar to the case at bar is *Marshall v. Sielaff,* 492 F.2d 917 (3d Cir. 1974). There, the plaintiff, on the day of trial and against the advice of his lawyer, refused to proceed to trial on his civil rights complaint because the trial judge had denied his petition for writs of *habeas corpus ad testificandum* for the appearance of three of his fellow prison inmates as plaintiffs' witnesses, claiming those witnesses were essential to his case. The trial court granted the defendant's motion for dismissal for lack of prosecution and the appellate court affirmed. Observing that

[n]o precise rule can be laid down as to what circumstances justify a dismissal for failure to prosecute, but the procedural history of each case must be examined in order to make that determination. The power of the court to prevent undue delays and to achieve the orderly disposition of cases must be weighed against the policy of law which favors disposition of litigation on its merits[,]

*id.,* at 918, the court held:

From a careful consideration of the history of this litigation and from all the surrounding circumstances, we hold that the district court's dismissal of plaintiff's case for lack of prosecution was not an abuse of discretion. Indeed, appellant left the district judge no choice. The appellant refused to proceed with the trial because of the court's adverse decision on his motion for issuance of a writ *ad testificandum* for the three inmates at Graterford, despite the advice of his counsel that the "proper procedure" was to proceed. Both the appellant and Rayford Smith were present, having been transferred

by the prison authorities to the courthouse. The issues in the case may well have been resolved without the other inmate witnesses. If appellant had proceeded, he might have been successful. If appellant had proceeded and lost, the appellate court would have had a complete record upon which to make its determination.

For these reasons we affirm the dismissal for lack of prosecution and do not reach the substantive issue involving the denial of the writ of habeas corpus *ad testificandum*. To adjudicate the issue of the writ under the circumstances of this case would undermine the "basic and persisting policy against piecemeal appeals." *Cf. Borden Co. v. Sylk,* 3 Cir. 1969, 410 F.2d 843; *Kelly v. Greer,* 3 Cir. 1961, 295 F.2d 18; *Panichella v. Pennsylvania Railroad Co.,* 3 Cir. 1958, 252 F.2d 452, 454. If a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain review of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened. This procedural technique would in effect provide a means to avoid the finality rule embodied in 28 U.S.C.A. § 1291. To review the district court's refusal to grant the writ under the facts of this case is to invite the inundation of appellate dockets with requests for review of interlocutory orders and to undermine the ability of trial judges to achieve the orderly and expeditious disposition of cases.

*Id.* at 919.

We adopt the reasoning of *Marshall* and apply it to the instant case. By refusing to proceed with the trial, Plaintiffs left the trial court no choice but to dismiss their complaint. Plaintiffs' argument that the preclusion order was destructive of their case carries no weight against the record here. There is no way we can evaluate the effect of the order because Plaintiffs' refusal to proceed has left us without a record of the remainder of their proof. Finally, as stated above, we will not discuss alleged errors that occurred prior to the dismissal of the complaint, as to do so would be contrary to this jurisdiction's policy against piecemeal appeals.[4] *Doe V v. Roe V,* 5 Haw. App. 610, 704 P.2d 940 (1985).

We point out that we do not deem it fatal to the trial court's decision

---

[4]The transcript of the January 21, 1985 hearing indicates that Plaintiffs' counsel orally requested permission to take an interlocutory appeal, which was denied.

that it acted *sua sponte* rather than on a motion to dismiss from Defendants. We are aware that in *Lim v. Harvis Construction, Inc.,* 65 Haw. 71, 647 P.2d 290 (1982), the supreme court held that dismissal under Rule 41(b) requires a motion, notice and hearing. However, the circumstances in that case were vastly different from those in the case at bar. In *Lim* the court's order of dismissal was based only on a letter from defense counsel. Here, Plaintiffs' intentions were announced by their counsel in court before he exited. A formal motion, notice, and hearing would have been superfluous. Moreover, a fair inference from the record is that Plaintiffs and their counsel would not have appeared at such a hearing.

II.

Plaintiffs contend the default judgment is in error because they were not given any notice of the hearing on the application for default judgment on Defendants' counterclaims, as required by Rule 55(b)(2), HRCP (1980).[5] The argument is specious. The same actions by Plaintiffs that justified the dismissal justified the trial court in declaring the default and rendering the default judgment. Defendants were present with their witnesses, and in light of all the circumstances, there was no conceivable reason for the trial court to refuse to proceed with Defendants' proof. Moreover, we see no reason why Plaintiffs might have thought that their exit from the courtroom would deprive the trial court of its jurisdiction and authority to act.

---

[5]Rule 55(b)(2), HRCP (1980), provides:
Rule 55. DEFAULT.

\*   \*   \*

(b) Judgment.   Judgment by default may be entered as follows:

\*   \*   \*

(2) *By the Court.*   In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a guardian, or other such representative who has appeared therein, and upon whom service may be made under Rule 17. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute.

> While the failure to give the required notice is generally regarded as a serious procedural irregularity that may afford the basis for reversal on appeal, or for relief under an appropriate clause of Rule 60(b) and in conjunction with other irregularities may render the judgment void, the error should not usually be treated as so serious as to render the judgment void. It should be considered in the light of surrounding circumstances and will, at times, be harmless.

7 Moore's Federal Practice ¶ 60.25[2], at 60-238 (2d ed. 1985) (footnotes omitted). *Cf. Blois v. Friday,* 612 F.2d 938 (5th Cir. 1980).

Here, the surrounding circumstances render the procedural error harmless.[6]

### III.

Plaintiffs argue that the trial court abused its discretion in refusing to set aside the dismissal and the default judgments, citing Rule 60(b), HRCP (1980).

The function of an appellate court in an appeal from the trial court's refusal to set aside a default judgment "is to determine whether the district court failed to set aside a void judgment or abused its discretion." *Textile Banking Co., Inc. v. Rentschler,* 657 F.2d 844, 850 (7th Cir. 1981). There is nothing in the record to render the judgment void, and the circumstances clearly indicate no abuse of discretion by the trial court in denying Plaintiffs' motion to vacate the dismissal and the default judgments.

Although the findings of fact and conclusions of law and the judgments were not submitted to Plaintiffs' counsel for approval as to form as required by Rule 21, Rules of the Circuit Court (RCC) (1971), those documents do not vary from the record and Plaintiffs were not prejudiced. *Cf. Baldwin v. Hawaiian Agronomics Co.,* 53 Haw. 447, 496 P.2d 9 (1972). The record does show that notices of the entry of those documents were sent to Plaintiffs on January 24, 1985. In our view, the failure to comply with Rule 21, RCC, does not, in the circumstances of this case, render the order of dismissal or the judgments void, and the trial court did not abuse its discretion in denying Plaintiffs' Rule 60(b) motions. *Isemoto Contracting Co., Ltd. v. Andrade,* 1 Haw. App. 202,

---

[6]Contrary to Plaintiffs' argument, they were not entitled to a jury trial on damages. 10 Wright, Miller & Kane, Federal Practice and Procedure: *Civil* § 2688 (1983).

616 P.2d 1022 (1980).

We also note that, in view of the circumstances of this case, we do not consider that the *ex parte* meeting between the trial court and defense counsel to settle the forms of the orders and judgments to be entered requires reversal here. The ensuing orders and judgments comport with all of the prior proceedings and rulings and indicate that Plaintiffs were not prejudiced by that *ex parte* meeting.

IV.

On March 19, 1985, the trial court ordered Plaintiffs to pay $12,297.49 to Sinsabaugh and Waterfront as costs and attorney's fees they had argued were due them under Rule 68, HRCP.[7] The trial court erred. Rule 68's provision requiring the offeree to pay the offeror's costs and attorney's fees is not applicable in a case where judgment is rendered against the offeree. *See Crown Properties, Inc. v. Financial Security Life Ins. Co.,* 6 Haw. App. ___, 712 P.2d 504 (1985).

The judgment below is affirmed, except for the order of March 19, 1985, which we hereby order vacated.

*Gary Victor Dubin* for plaintiffs-appellants.

*Michael W. Gibson* (*Lorrin B. Hirano* with him on the brief; *Ashford & Wriston* of counsel) for Lane.

*Cathy A. Lee* (*Wesley W. Ichida* with her on the brief; *Case, Kay & Lynch* of counsel) for Sinsabaugh and Waterfront.

---

[7]HRCP Rule 68 (1980) provides:

OFFER OF JUDGMENT. At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.