802 P.2d 1203 (1990)
W.H. SHIPMAN, LIMITED, Plaintiff-Appellee,
v.
HAWAIIAN HOLIDAY MACADAMIA NUT CO., INC., Defendant-Appellant.
No. 13758.
Intermediate Court of Appeals of Hawaii.
June 14, 1990.
Certiorari Granted June 28, 1990.
Certiorari Dismissed December 13, 1990.
*1204 John W. Goemans and Dennis W. Potts on the briefs, Honolulu, for defendant-appellant and for DeDomenico Orchards, Inc., General Partner of Keaau Agriculture, respectively.
Wayne Nasser and Adrian W. Rosehill, Honolulu (Ashford & Wriston, of counsel), on the brief for plaintiff-appellee.
Before BURNS, C.J., and HEEN and TANAKA, JJ.
TANAKA, Judge.
Defendant Hawaiian Holiday Macadamia Nut Co., Inc. (Hawaiian Holiday) appeals the summary judgment in favor of plaintiff W.H. Shipman, Limited (Shipman). Hawaiian Holiday contends that the lower court abused its discretion in imposing on it extreme discovery sanctions, thereby precluding *1205 it from resisting Shipman's motion for summary judgment. We agree and vacate the judgment.
DeDomenico Orchards, Inc. (DeDomenico Orchards), a general partner of Keaau Agriculture, appeals the lower court's denial of its Hawaii Rules of Civil Procedure (HRCP) Rule 19(a) motion to join Keaau Agriculture in the case as a "party in interest." We affirm the denial.

I. FACTS

A. The Participants

Shipman, a Hawaii corporation, is the owner and lessor of 2,717.447 acres of land (Land) at Keaau-Mountain View, in the Puna District, County of Hawaii.
Hawaiian Holiday, a Hawaii corporation, is the lessee of the Land. It is primarily a macadamia nut processor and distributor. Hawaiian Holiday is owned and controlled by Paul DeDomenico.
DeDomenico Orchards was incorporated to cultivate and manage macadamia nut orchards. DeDomenico Orchards is owned and controlled by Paul DeDomenico.
Keaau Agriculture is a limited partnership consisting of DeDomenico Orchards and Pacific Agriculture, the general partners, and several limited partners, most of whom are individuals residing in Texas.

B. The Lease and Its Alleged Breach

On October 4, 1984, Shipman and Hawaiian Holiday entered into a lease of the Land (Lease). The term of the Lease was approximately 55 years, commencing November 15, 1984, and ending December 31, 2039. The Lease provided for minimum rent of $70 per plantable acre per annum for the first five years. For the purpose of calculating the rent, the Lease provided that 2,593 acres of the Land were plantable to macadamia nut trees. The minimum rent increased for the next two five-year periods. The percentage rent was based on the "gross proceeds" from the sale of macadamia nuts and products and other crops.
Commencing in 1985, differences arose between Hawaiian Holiday and Shipman regarding the plantable acreage of the Land. The differences culminated in Shipman's March 4, 1988 letter informing Hawaiian Holiday of its default under the Lease and the cancellation of the Lease effective March 31, 1988.

C. The Lawsuit

On April 12, 1988, Shipman filed a tencount complaint against Hawaiian Holiday, alleging breaches of the Lease in several particulars, including failure to pay lease rent and real property taxes. Shipman sought possession of the Land and recovery of the unpaid rent, other charges, and damages.
On May 19, 1988, Hawaiian Holiday answered the complaint and counterclaimed. The counterclaim alleged that the provision that 2,593 acres of the Land was plantable was a mutual mistake and sought reformation of the Lease to reflect the actual plantable acreage.[1]
On July 18, 1988, Shipman served Hawaiian Holiday with a first request for production of documents and a request for answers to first set of interrogatories (Interrogatories). On July 25, 1988, Shipman served Hawaiian Holiday with its first request for admissions and second request for admissions. Shipman's counsel granted Hawaiian Holiday extensions of time to respond to the discovery requests to September 8, 1988. In response to Shipman's first request for production of documents, Hawaiian Holiday served Shipman with the requested documents on September 9, 1988.
On September 26, 1988, Shipman noticed the taking of depositions of Paul DeDomenico and Rod Saunders, Chief Executive Officer and Vice President, respectively, of Hawaiian Holiday. Their depositions were taken on October 19, 1988.
Also on September 26, 1988, Shipman filed a motion to compel discovery (Motion to Compel), seeking sanctions against Hawaiian *1206 Holiday for discovery violations. Hawaiian Holiday did not file any response in opposition to the motion and failed to appear at the hearing on October 25, 1988. The court orally granted Shipman's motion.
On October 28, 1988, Hawaiian Holiday served Shipman with (1) answers to the Interrogatories, (2) answers to first request for admissions, and (3) answers to second request for admissions.
On November 2, 1988, the lower court set a jury-waived trial for the case commencing February 13, 1989.
On November 14, 1988, the lower court entered its order granting Shipman's Motion to Compel (November 14, 1988 Order). The November 14, 1988 Order provided that (1) Hawaiian Holiday was "precluded from asserting, or offering evidence of, any matters covered by the [Interrogatories] ... in defense of any claims [in the case]," (2) all matters covered in the first and second requests for admissions were "deemed admitted in their entirety," and (3) Shipman be awarded its expenses of the motion, including reasonable attorneys' fees. Record, Vol. 1 at 204.
Hawaiian Holiday responded with its November 25, 1988 "Motion to Amend Order Granting [Shipman's] Motion to Compel Discovery" (Motion to Amend), which, in essence, sought a reconsideration of the November 14, 1988 Order. In an affidavit attached to the Motion to Amend, Hawaiian Holiday's attorney stated that (1) the answers to the Interrogatories were completed on September 27, 1988, and delivered to the office of Hawaiian Holiday's chief executive officer for execution, with instruction that the executed answers be sent to Shipman; (2) he assumed that the answers had been executed and mailed to Shipman, "making unnecessary any hearing on the [September 26, 1988 Motion to Compel]"; (3) he later learned that the answers had not been executed since they were misplaced in Hawaiian Holiday's office; and (4) the answers were located on October 25, 1988, and executed on that date. Record, Vol. 1 at 224. The court denied the Motion to Amend on December 16, 1988.
On December 27, 1988, Shipman filed a motion for summary judgment. On January 11, 1989, the day before the scheduled hearing on Shipman's summary judgment motion, DeDomenico Orchards filed a "Motion for Joinder of Keaau Agriculture as a Party in Interest" (Joinder Motion) and a motion to stay all proceedings pending the determination of the Joinder Motion.
On January 12, 1989, the lower court heard and orally granted Shipman's motion for summary judgment. On January 18, 1989, the court heard and orally denied DeDomenico Orchards' Joinder Motion and motion for stay. Written orders regarding these motions and a judgment were filed on March 9, 1989. The judgment terminated the Lease effective April 8, 1988, held that Shipman was entitled to immediate possession of the Land, and awarded Shipman damages, costs, and fees.
Both Hawaiian Holiday and DeDomenico Orchards timely appealed.

II. SANCTIONS UNDER HRCP RULES 37(d) AND 37(b)(2)
Shipman's Motion to Compel sought sanctions under HRCP Rule 37(d). That rule provides in relevant part as follows:
If a party or an officer, director, or managing agent of a party ... fails ... to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . .. the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.
HRCP Rule 37(b)(2) provides that a court may make, inter alia, the following sanction orders:
(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes in the action in accordance with the claim of the party obtaining the order;
(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting *1207 him from introducing designated matters in evidence;
(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]
In the case at bar, the lower court found that Hawaiian Holiday failed to serve answers or objections to the Interrogatories and imposed a Rule 37(b)(2)(B) sanction. The court specifically precluded Hawaiian Holiday from "asserting, or offering any evidence of, any matters" covered by the Interrogatories in defense of any of Shipman's claims.
Hawaiian Holiday argues that in the absence of a showing of "bad faith, willfulness, or callous disregard of the rights of other litigants," the court's severe sanction was an abuse of discretion. In other words, Hawaiian Holiday claims that the sanctions imposed were not just under the circumstances of this case. We agree.
HRCP Rule 37(d) and Rule 37(b)(2) are substantially identical to their federal counterparts. We will therefore consider pertinent federal decisions interpreting these rules, as they are deemed "to be highly persuasive" in the construction of our parallel procedural rules. Ellis v. Crockett, 51 Haw. 45, 61, 451 P.2d 814, 824 (1969).
The federal cases indicate that the Rule 37(b)(2)(C) drastic sanctions of "`[d]ismissal and default judgment are authorized only in extreme circumstances.'" United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 603 (9th Cir.1988) (quoting Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1338 (9th Cir.1985)). In Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255, 1267 (1958) (footnote omitted), the Supreme Court stated:
Rule 37 should not be construed to authorize dismissal of this complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to wilfulness, bad faith, or any fault of petitioner.
Accord National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (per curiam), reh'g denied, 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976) (the majority held that there was no abuse of discretion because the district court found bad faith on the part of the delinquent parties); Batson v. Neal Spelce Assocs., Inc., 805 F.2d 546 (5th Cir.1986) (the district court made extensive findings that the plaintiff had acted in bad faith); Carter v. Albert Einstein Medical Center, 804 F.2d 805, 807 (3d Cir.1986) (quoting Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 869 (3d Cir.1984), the court stated that "`[d]ismissal must be a sanction of last, not first, resort'").
More recently, the Court of Appeals of the Ninth Circuit, in Kahaluu Constr. Co., supra, stated:
[W]e have identified five factors that a district court must weigh in determining whether to dismiss a case as a punitive measure: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."
Id. 857 F.2d at 603 (quoting Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988)). Moreover, the Court of Appeals of the Third Circuit requires the district court "to articulate on the record its reasons for dismissing the complaint or for denying reconsideration[.]" Quality Prefabrication, Inc. v. Daniel J. Keating Co., 675 F.2d 77, 79 (3d Cir.1982).
Here, the sanction imposed was neither a dismissal nor a default judgment. It was an order precluding Hawaiian Holiday from utilizing any evidence of matters covered in the Interrogatories in its defense against Shipman's claims. In essence, the order precluded Hawaiian Holiday from opposing Shipman's complaint. The federal courts *1208 have held that such sanctions are comparable to dismissal sanctions "in that they represent the most severe penalty that can be imposed[.]" Kahaluu Constr. Co., 857 F.2d at 603 n. 5. For example, in an employment discrimination action, the court recognized that precluding the plaintiff from presenting evidence regarding lost wages "was tantamount to dismissal with prejudice." Batson, 805 F.2d at 548 n. 1. Accordingly, we will treat the evidentiary preclusion sanction in this case as the equivalent of a default judgment on Shipman's claims and a dismissal of Hawaiian Holiday's counterclaim.
Since Hawaiian Holiday failed to file a memorandum in opposition and did not appear at the hearing on the Motion to Compel, we understand why the lower court granted the sanctions Shipman requested. However, although Hawaiian Holiday's Motion to Amend brought to the fore the occurrences subsequent to the filing of the Motion to Compel and to the date of hearing on the motion, the lower court did not articulate in the record why it denied the Motion to Amend.
We will apply Kahaluu Constr. Co.'s five factors in reviewing the record in this case. The first two factors, the expeditious resolution of litigation and the court's need to manage its docket, do not weigh heavily in favor of the sanction. The complaint was filed on April 12, 1988, and the case was scheduled for trial commencing February 13, 1989. Hawaiian Holiday produced the documents requested by Shipman on September 9, 1988. Hawaiian Holiday served its answers to the Interrogatories on October 28, 1988, less than two months after the extension granted by Shipman expired. Moreover, despite the untimely service of the answers, Shipman had taken the depositions of two officers of Hawaiian Holiday on October 19, 1988, and the case seemed headed for trial as scheduled.
The third factor is prejudice. Shipman claims that it was prejudiced due to "the delays caused by the contumacious behavior" of Hawaiian Holiday in its failure to respond to the Interrogatories within the thrice-extended time and to appear at the hearing on the Motion to Compel. However, prejudice in this context "looks to whether [Hawaiian Holiday's] actions impaired [Shipman's] ability to go to trial or threatened to interfere with the rightful decision of the case." Kahaluu Constr. Co., 857 F.2d at 604. There is no evidence of actual prejudice to Shipman in this sense.
Public policy encourages the disposition of cases on their merits; therefore, the fourth factor favors Hawaiian Holiday. In conjunction therewith, the fifth factor concerns the consideration of less drastic available sanctions than a dismissal or default judgment. Kahaluu Constr. Co. states that "[a]s a general rule the district court must consider less severe alternatives and discuss them if it elects to dismiss." 857 F.2d at 604. Regarding the fifth factor, the court also stated that a reviewing court would "look to whether the district court warned of the possibility of dismissal." Id. at 605. Here, there was neither a warning of the possibility of an evidentiary preclusion sanction, which is tantamount to a default judgment in favor of Shipman, nor did the court consider less severe alternative sanctions at the time of the Motion to Amend hearing.
Hawaiian Holiday's attorney's failure to appear at the hearing on the Motion to Compel or to notify the court and opposing counsel beforehand of his nonappearance was inexcusable. Until the court "excused his appearance, [Hawaiian Holiday's attorney] was required to appear in person, or by qualified substitute, at the ... hearing." Nakata v. Nakata, 7 Haw. App. 636, 639, 793 P.2d 1219, 1221 (1990). However, the sins of its attorney should not have been visited on Hawaiian Holiday. The court should have sanctioned Hawaiian Holiday's attorney personally pursuant to HRCP Rule 37(d) or under its inherent powers under Hawaii Revised Statutes § 603-21.9(6) (1985). Kukui Nuts of Hawaii, Inc. v. R. Baird & Co., 6 Haw. App. 431, 437-38, 726 P.2d 268, 272 (1986).
Accordingly, we hold that the lower court abused its discretion in imposing an *1209 evidentiary preclusion sanction on Hawaiian Holiday.

III. SANCTION UNDER HRCP RULE 36
Shipman's Motion to Compel sought an order that the matters covered in its first and second requests for admissions, served on July 25, 1988, be deemed admitted under HRCP Rule 36. At the time of the October 25, 1988 hearing on the Motion to Compel, Hawaiian Holiday still had not served its responses to Shipman's requests. Therefore, the lower court in its November 14, 1988 Order ordered that all matters in Shipman's requests were "deemed admitted in their entirety" pursuant to HRCP Rule 36.[2] Record, Vol. 1 at 204.
Hawaiian Holiday argues that the lower court abused its discretion in "requiring that Shipman's First and Second Requests for Admission be deemed admitted." However, Rule 36(a) imposes a sanction of automatic admission from a failure to respond within the time provided for in the rule. 8 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2265 (1970).
In reality, Hawaiian Holiday is urging us to find an abuse of discretion in the court's failure to (1) consider what had transpired between September 26, 1988, when Shipman filed the Motion to Compel, and November 25, 1988, when Hawaiian Holiday filed its Motion to Amend, and (2) permit the withdrawal of the automatic admissions under HRCP Rule 36(b)[3] by allowing its untimely responses to the requests for admissions. We hold that the lower court abused its discretion in this regard.
HRCP Rule 36(b) is identical to its counterpart in the federal rules. Therefore, we will be guided by federal case law in the construction of that rule.
Although Rule 36(b) indicates that a motion to withdraw admissions is required, the federal courts have not been overly technical on this point. In Bergemann v. United States, 820 F.2d 1117, 1121 (10th Cir.1987), the court held that "both the response to [plaintiff's] motion for summary judgment and the recorded pre-trial hearings in this case were, in essence, motions to withdraw the admissions." Relying on federal authorities, we have held that the allowance of a late filing of a response to a request for admissions by the court "`is the equivalent of allowing a party to withdraw admissions made by operation of Rule 36(a).'" In re Trade Wind Tours of Hawaii, Inc., 6 Haw. App. 260, 264, 718 P.2d 1122, 1126 (1986) (quoting Pleasant Hill Bank v. United States, 60 F.R.D. 1, 3 (W.D.Mo. 1973)). Consequently, Hawaiian Holiday's Motion to Amend, made after its late service of the responses to Shipman's requests for admissions, was impliedly a motion to withdraw the Rule 36(a) automatic admissions.
Whether to permit withdrawal of admissions and allow late responses to requests for admissions is within the discretion of the lower court. However, in exercising its discretion the court must apply the test set forth in Rule 36(b): (1) whether "the presentation of the merits will be subserved" if the withdrawal of the admission is permitted and (2) whether the party who obtained the admission can "satisfy the court that withdrawal ... will prejudice him in maintaining his action or defense on the *1210 merits." The Court of Appeals of the Eleventh Circuit has stated:
Rule 36(b) "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Fed.R.Civ.P. 36 advisory committee notes.
Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1577-78 (11th Cir.), cert. denied, 488 U.S. 821, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988).
Here, the record does not indicate that the lower court applied the HRCP Rule 36(b) test in denying Hawaiian Holiday's Motion to Amend. In our view, permitting the withdrawal of the admissions and allowing Hawaiian Holiday's late responses will subserve the presentation of the merits of the action. Also, Shipman has not satisfied its burden of showing that the withdrawal of the admissions will prejudice it in maintaining the action on the merits. Prejudice under Rule 36(b) "relates to the difficulty a party may face in proving its case ... because of the sudden need to obtain evidence with respect to [matters previously admitted]." Brook Village N. Assoc. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir.1982). The record discloses that (1) Hawaiian Holiday produced the documents requested by Shipman; (2) Shipman took the deposition of two officers of Hawaiian Holiday; (3) Hawaiian Holiday, albeit belatedly, answered Shipman's interrogatories; and (4) when Hawaiian Holiday filed its Motion to Amend on November 25, 1988, it was two and a half months before the scheduled trial. Based on these facts, Shipman was not prejudiced.
Accordingly, we hold that the lower court abused its discretion in not allowing Hawaiian Holiday to file late responses to the requests for admissions. Allowing these responses would have resulted in the withdrawal of the Rule 36(a) automatic admissions.

IV. SUMMARY JUDGMENT UNDER HRCP RULE 56
Shipman asserts that Hawaiian Holiday did not oppose Shipman's motion for summary judgment and thereby "abandoned its case." Citing Richardson v. Lane, 6 Haw. App. 614, 736 P.2d 63, cert. denied, 484 U.S. 953, 108 S.Ct. 345, 98 L.Ed.2d 371 (1987), reh'g denied, 484 U.S. 1037, 108 S.Ct. 764, 98 L.Ed.2d 781 (1988), Shipman argues that the summary judgment should be affirmed. We disagree.
Hawaiian Holiday did not abandon its case. The November 14, 1988 Order explicitly precluded Hawaiian Holiday from submitting evidence regarding any matters covered in the Interrogatories in its defense of any of Shipman's claims. Consequently, Hawaiian Holiday could not and did not submit any counter-affidavit or memorandum opposing Shipman's motion for summary judgment.
Shipman claims, however, that Richardson required Hawaiian Holiday to oppose the motion and build a record for appeal. Shipman therefore argues that Hawaiian Holiday's failure to do so dooms its appeal. Shipman's reliance on Richardson is misplaced. In Richardson, on the morning of trial with the jury panel present, plaintiffs' counsel walked out of the courtroom, claiming plaintiffs' inability to proceed to trial because three of their expert witnesses were precluded from testifying and because of the trial judge's refusal to recuse himself. This led to the dismissal of plaintiffs' complaint with prejudice. In response to plaintiffs' argument that the preclusion order was destructive of their case, this court held that the effect of the order could not be evaluated "because Plaintiffs' refusal to proceed has left us without a record of the remainder of their proof." Id. at 620, 736 P.2d at 68.
Unlike in Richardson where plaintiffs could present evidence and witnesses, other than the three precluded experts, Hawaiian Holiday was precluded from presenting any material evidence in resisting Shipman's motion for summary judgment. Hawaiian Holiday's violation of the November 14, 1988 Order by asserting evidence in defending against Shipman's claims would have placed Hawaiian Holiday in jeopardy of a contempt citation.
*1211 Shipman also asserts that it was entitled to a summary judgment even if Hawaiian Holiday's belated answers to Interrogatories and responses to the requests for admissions are deemed allowed and considered. However, Hawaiian Holiday had the right under HRCP Rule 56(c) to file opposing affidavits and under Rules of the Circuit Court Rule 7(b) to file a written statement of reasons in opposition to the motion, which the November 14, 1988 Order precluded it from doing.
It would be grossly unfair to dispose of the motion for summary judgment in Shipman's favor without giving Hawaiian Holiday an opportunity to oppose the motion as permitted under the procedural rules.

V. JOINDER UNDER HRCP RULE 19(a)
Alleging an agreement by Hawaiian Holiday to assign the Lease to Keaau Agriculture, an agreement which Shipman allegedly had knowledge of, DeDomenico Orchards, a nonparty and a general partner of Keaau Agriculture, filed a HRCP Rule 19(a)[4] Joinder Motion to bring Keaau Agriculture into the case.
Shipman correctly claims that intervention under HRCP Rule 24(a),[5] not joinder under HRCP Rule 19(a), is the appropriate procedure to be used by a nonparty to enter a case.[6]See Spangler v. Pasadena City Bd. of Educ., 552 F.2d 1326, 1328-29 (9th Cir.1977). Being a nonparty, Keaau Agriculture should have sought to intervene in the case pursuant to HRCP Rule 24(a). A joinder under HRCP Rule 19(a) would have been procedurally proper if Hawaiian Holiday, the party defendant, had been the movant.
Accordingly, we affirm the lower court's denial of the Joinder Motion. The affirmance, however, is without prejudice to Hawaiian Holiday who may seek to join Keaau Agriculture under HRCP Rule 19(a) or to Keaau Agriculture who may seek to intervene under HRCP Rule 24(a) following remand to the court below.[7]

VI. CONCLUSION
Based on the foregoing reasons, we (1) vacate the November 14, 1988 Order Granting Plaintiff W.H. Shipman, Ltd.'s Motion to Compel Discovery; (2) vacate the March 9, 1989 Order Granting Plaintiff's Motion for Summary Judgment and the Judgment; (3) affirm the Order Denying DeDomenico Orchards, Inc. and Keaau Agriculture's Motions to stay and for Joinder; and (4) remand the case for further proceedings consistent with this opinion.
NOTES
[1] The counterclaim also included a claim based on fraud and a treble-damage claim for "unfair and deceptive trade practice." Record, Vol. 1 at 92. However, on October 31, 1988, these claims were dismissed without prejudice by stipulation of the parties.
[2] Hawaii Rules of Civil Procedure (HRCP) Rule 36(a) provides in part as follows:

Each matter in which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney[.]
[3] HRCP Rule 36(b) provides in part as follows:

Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment may prejudice him in maintaining his action or defense on the merits.
[4] HRCP Rule 19(a) provides as follows:

Persons to be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (A) as a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.
[5] HRCP Rule 24(a) provides as follows:

Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
[6] Intervention is "a procedure by which an outsider with an interest in a lawsuit may come in as a party though he has not been named as a party by the existing litigants[.]" 7C C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d § 1901 at 228 (1986).
[7] We do not determine the merits of whether Keaau Agriculture may intervene in this case pursuant to HRCP Rule 24(a) or whether defendant Hawaiian Holiday may join Keaau Agriculture as a party defendant in the case under HRCP Rule 19(a).