Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000452
27-NOV-2024
08:24 AM
Dkt. 213 SO

NO. CAAP-20-0000452


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE
OF RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A8, MORTGAGE
PASS-THROUGH CERTIFICATES SERIES 2006-H UNDER THE POOLING
AND SERVICING AGREEMENT DATED JUNE 1, 2006, Plaintiff-Appellee,
v. MICHAEL C. GREENSPON, Defendant-Appellant,
and DOES 1 through 10, inclusive, Defendants.


MICHAEL C. GREENSPON, Counterclaim and Third-Party
Plaintiff-Appellee, v. DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE OF RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A8,
MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-H
UNDER THE POOLING AND SERVICING AGREEMENT DATED JUNE 1, 2006,
Counterclaim Defendant-Appellee, and OCWEN LOAN SERVICING LLC;
DAVID B. ROSEN, ESQ.; THE LAW OFFICE OF DAVID B. ROSEN, ALC,
Third-Party Defendants-Appellees.


MICHAEL C. GREENSPON, Plaintiff-Appellant, v.
ONEWEST BANK, N.A.; DEUTSCHE BANK NATIONAL TRUST COMPANY;
DAVID B. ROSEN, ESQ.; THE LAW OFFICE OF DAVID B. ROSEN, ALC,
Defendants-Appellees, and DOES 10-50, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NOS. 2CC141000395(2) AND 2CC141000560(2))

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Self-represented Plaintiff/Defendant/Counterclaimant/ Third-Party Plaintiff-Appellant Michael C. **Greenspon** appeals from the Circuit Court of the Second Circuit's[1] June 10, 2020 Final Judgment, July 7, 2020 order denying Greenspon's motion for partial reconsideration, and 35 other circuit court decisions.

In March 2003, Greenspon obtained a $650,000.00 mortgage loan for a property in Haʻikū, Maui (the **Haʻikū Property**). In May 2006, Greenspon modified the loan, increasing the principal amount to $800,000.00. In November 2008, Greenspon was sent a notice stating that his loan was "in serious default" and that he must pay $27,664.44 on or before December 6, 2008 to cure the default.

In February 2010, the Haʻikū Property was sold at a public non-judicial foreclosure auction to Defendant/Plaintiff/ Counterclaim Defendant-Appellee **Deutsche Bank** National Trust Company, as Trustee.[2]

---

[1] The Honorable Peter T. Cahill presided.

[2] Greenspon participated in various other trial and appellate cases in state and federal court against other parties involved in the non-judicial foreclosure of the Haʻikū Property. These cases include, without limitation: 1CC111000194 (CAAP-13-0001432); 2CC171000090 (CAAP-19-0000391 & CAAP-20-0000442); 2CC141000379 (CAAP-20-0000557); 2CC191000092 (CAAP-20-0000590); and Civil No. 19-00516 JAO-KJM.

After years of litigation, in October 2019, the circuit court compelled discovery, ordering Greenspon to allow the parties to inspect the Haʻikū Property and submit to a deposition.  The circuit court also verbally admonished Greenspon for his behavior.  The following month, the circuit court compelled Greenspon to respond to discovery requests, which focused on Greenspon's use of the Haʻikū Property as a short-term vacation rental through Airbnb.

In March 2020, the circuit court approved and entered a stipulated order dismissing all claims by and against Greenspon, Deutsche Bank, and Third-Party Defendant-Appellee **Ocwen** Loan Servicing, LLC following Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 41(a)(1)(B).

In May 2020, as a sanction for discovery violations under HRCP Rule 37, the circuit court dismissed with prejudice "all of Mr. Greenspon's allegations and claims brought in these consolidated actions against" Defendants/Third-Party Defendants-Appellees David B. Rosen, Esq. and The Law Office of David B. Rosen (together, **Rosen Parties**) and Defendant-Appellee **CIT** Bank N.A., f.k.a. Onewest Bank N.A., f.k.a. Onewest Bank, FSB.

On appeal in this case, Greenspon raises six points of error[3] challenging the circuit court's dismissal of the underlying case(s) and various decisions related to motions for summary judgment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and affirm.

---

[3] In his points of error (**POE**), Greenspon contends the circuit court erred:

1. "in its failure to grant [his] MPSJ finding that the September, 2011 settlement agreement with the FDIC is a valid contract and to hold CIT and Rosen liable for tortious interference";

2. "in its failure to grant [his] MPSJ and to find that CIT and Rosen's 2010 auction sale on an admittedly unpublished date was <u>unlawful</u>";

3. in "its failure to grant summary judgment for [him] as to any elements of his claims of Appellees' 1) FDCPA and 2) HRS § 480D violations, and 3) abuse of process";

4. "by granting [Deutsche Bank and Ocwen's] MSJ and dismissing [his] claims of forgery, fraud, and intentional/reckless misrepresentation";

5. "by granting [Deutsche Bank and Ocwen's] MSJ and dismissing [his] claims of conversion"; and

6. "by capriciously dismissing [his] whole case on the eve of trial as to Appellees Rosen and CIT as a disproportional and unjustified Rule 37 sanction based on fallacious made-up and conclusory findings and erroneous and prejudicial conclusions, and by failing to reconsider its erroneous dismissal order and vacate its unjust award of fees."

(Formatting altered.)

Our review of Greenspon's challenge to the circuit court's dismissal of these consolidated cases is dispositive.[4] Greenspon argues there was no prejudice regarding the inspection of the Haʻikū Property and discovery requests, and appears to minimize his behavior throughout the proceedings.

Under HRCP Rule 37(b)(2), if "a party fails to obey an order to provide or permit discovery" the circuit court may make orders "as are just" including "dismissing the action[.]" HRCP Rule 37(b)(2)(C). We review an HRCP Rule 37(b)(2) dismissal for an abuse of discretion. Aloha Unlimited, Inc. v. Coughlin, 79 Hawaiʻi 527, 532-33, 904 P.2d 541, 546-47 (App. 1995).

Here, the circuit court made extensive findings regarding Greenspon's conduct, and Greenspon has not shown those findings were clearly erroneous. The circuit court's findings and the record in this case provide sufficient evidence to support the circuit court's sanction of dismissal. See Greenspon v. Deutsche Bank, 154 Hawaiʻi 292, 550 P.3d 258, CAAP-19-0000391 and CAAP-20-0000442, 2024 WL 2874544 at *4, *6-7 (App. June 7, 2024) (SDO) (explaining the "extensive findings regarding Greenspon's contumacious conduct with respect to,

---

[4] We need not address POE 1-3 regarding denial of Greenspon's partial motions for summary judgment on various claims against CIT and Rosen parties where the sanctions order at issue in POE 6 dismissed all claims.

We also need not address POE 4 and 5 because these claims are not within the scope of this appeal as they were dismissed by stipulation.

*inter alia*, the site inspection of the Haʻikū property, and opposing counsel's attempts to depose him") (footnote omitted); Erum v. Llego, 147 Hawaiʻi 368, 390, 465 P.3d 815, 837 (2020); W.H. Shipman, Ltd. v. Hawaiian Holiday Macadamia Nut Co., 8 Haw. App. 354, 362, 802 P.2d 1203, 1207 (1990).  As such, the circuit court did not abuse its discretion.

For the foregoing reasons, we affirm the circuit court's June 10, 2020 Final Judgment and July 7, 2020 order denying Greenspon's motion for partial reconsideration.

DATED:  Honolulu, Hawaiʻi, November 27, 2024.

On the briefs:

Michael C. Greenspon,
Plaintiff/Defendant/
Counterclaimant/ Third-Party
Plaintiff-Appellant, pro se.

Judy A. Tanaka,
Jenny J.N.A. Nakamoto,
(Dentons),
for Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge