**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000031
12-DEC-2022
08:19 AM
Dkt. 82 SO

NO. CAAP-18-0000031

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NATHAN PACO, Pro Se, Plaintiff-Appellant, v.
MARY K. MYERS, doing business as MARY K. MYERS, PH.D.,
doing business as MARY MYERS, PH.D., INC.,
also known as MARY K. MYERS TRUST;
ROMAN CATHOLIC CHURCH IN THE STATE OF HAWAIʻI,
a domestic non-profit corporation, Defendants-Appellees,
and DOES 1-10, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC14-1-000108)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Wadsworth and McCullen, JJ.)

Plaintiff-Appellant Nathan Paco (**Paco**), appeals from

the Circuit Court of the First Circuit's December 22, 2017 Final

Judgment granting summary judgment in favor of Defendant-

Appellee Mary K. Myers, Ph.D. (**Dr. Myers**).[1]  On appeal, Paco

raises as his sole point of error that "[t]he [c]ircuit [c]ourt

_____

[1]  The Honorable Dean E. Ochiai presided.

should have granted only a partial summary judgment on [his] 1st Cause of Action and should have had a trial on [his] 2nd Cause of Action and on those other valid defenses that have genuine issues as to material facts."  (Emphasis omitted and format altered.)

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issue raised and the arguments advanced, we resolve Paco's point of error as discussed below, and affirm.

As an initial matter, we note that it was difficult to identify in Paco's complaint a first and second cause of action, but he appeared to challenge architectural barriers and altered portions of Dr. Myers' office.[2]  He claimed nine aspects of Dr. Myers' facilities did not comply with the Americans with Disabilities Act (**ADA**), and cited generally to "28 CFR part 36" and "42 ADA U.S.C. Section 1210 et seq."[3]  He then requested an

---

[2]  In accordance with the policy of affording self-represented litigants the opportunity to have their cases heard on the merits, we address Paco's arguments to the extent they are discernible.  O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994) (explaining that the Hawai'i Supreme Court has established a general policy of affording self-represented litigants the opportunity to have their cases heard on the merits where it is possible to do so).

[3]  In particular, Paco asserts the following violations:

> (1) "the door knob of the front entry door is not ADA compliant";
>
> (2) "the pressure of the front entry door is too high";
>
> (3) "the width of the passage way from the front entrance through the reception area is too narrow";

(continued . . .)

"injunction ordering the defendants to fully comply with ADA requirements within ninety (90) days[,]" monetary damages, and expert and attorney fees.

After answering Paco's complaint, Dr. Myers moved for summary judgment asserting that the lawsuit is barred by the two-year statute of limitations because Paco first observed her office on September 6, 2011 and regularly visited her for consults, but did not file his complaint until January 15, 2014.[4] Dr. Myers also asserted that it was unlikely Paco would again use her services, and attached, among other things, a letter from Paco directing her to cancel all future appointments and declaring his love for her. Dr. Myers explained that Paco's

-------

(. . . continued.)

      (4) "the doorway to the back office is too narrow";

      (5) "the height of the threshold to the back office is too high" (**Back-office Threshold**);

      (6) "the items that are stored in the bathroom make it inaccessible to a disabled person";

      (7) "the door to the bathroom is too narrow";

      (8) "the bathroom does not have any grab bars"; and

      (9) "the door knob of the bathroom and the handles of the water faucets are not ADA compliant."

(Emphasis added.)

[4] Dr. Myers also moved to have Paco declared a vexatious litigant, which the circuit court granted, as this was one of four lawsuits he filed against her.

communications first annoyed then worried her, and she never responded to these communications.

In his opposition to Dr. Myers' motion for summary judgment, Paco argued that one of the nine violations he presented in his complaint was not barred by the statute of limitations. He stated that "[t]he padded carpets that had covered her offices' floors where [sic] replaced by hardwood floors on or about December, 2013 [sic] or January, 2013." Paco explained that he "got stuck with his wheelchair on the raised threshold sometime in January 2013" and filed his lawsuit "about only a year later - January 15, 2014."

Paco stated that "[w]hen [he] finally was allowed to inspect [Dr. Myers'] office, he found that the threshold was brought into conformance . . . ."[5] Also, Paco attested in his declaration, "[w]hen I finally was allowed to inspect [Dr. Myers'] office, I found that the threshold was lowered." Paco did not address the other eight alleged violations he listed in his complaint and, instead, stated that Dr. Myers' "allegation that my causes of action are barred by the statute of limitations is based upon [her] intentional lies to this Court."

In her reply, Dr. Myers explained that she "testified (without contradiction) that a number of her other wheelchair

---

[5] In this statement, Paco also asserted that "the sliding door, the entry door and the bathroom were not" brought into conformance. Paco, however, made no claim in his complaint as to the sliding door, and the issues regarding the entry door and the bathroom were among the issues Paco acknowledged as time-barred.

patients have had no problems at all with the threshold." She also pointed out that Paco failed "to state the (in effect) starting height, or the ending height, of the threshold."

The circuit court granted Dr. Myers' motion for summary judgment with prejudice.

As stated earlier, Paco contends on appeal that "[t]he [c]ircuit [c]ourt should have granted only partial summary judgment on [his] 1st Cause of Action and should have had a trial on [his] 2nd Cause of Action and on those other valid defenses that have genuine issues as to material facts" (emphasis omitted and format altered). Paco identifies the first cause of action as relating to existing barriers and the second cause of action as relating to alterations. Paco, thus, acknowledges that the circuit court did not err in granting summary judgment as to the existing barriers (first cause of action), and the matter Paco presents to this court is limited to the alteration (second cause of action), and more specifically, to the Back-office Threshold.

As to the Back-office Threshold, Paco cites for the first time on appeal "42 U.S. Code § 12183(a)(2)"[6] and "28 CFR

---

[6]  42 U.S.C. § 12183(a)(2), which is within Title III of the ADA, provides in relevant part:

> Except as provided in subsection (b), as applied to public accommodations and commercial facilities, discrimination for purposes of section 12182(a) of this title includes—
>
> . . . .

(continued . . .)

36.403," and argues that because he filed his lawsuit within a year of discovering this violation, summary judgment based on the statute of limitations was improper. Paco further argues that regardless of how unlikely it is that he would face similar harm in the future, he is entitled to an injunction compelling Dr. Myers to bring the office space she rents into compliance with the ADA.

"On appeal, the grant or denial of summary judgment is reviewed de novo." Villaver v. Sylva, 145 Hawaiʻi 29, 34, 445 P.3d 701, 706 (2019) (quoting Nuuanu Valley Ass'n v. City & Cnty. of Honolulu, 119 Hawaiʻi 90, 96, 194 P.3d 531, 537 (2008)). When reviewing a grant or denial of summary judgment, an appellate court's consideration of the record is "limited to those materials that were considered by the trial court in

---

(. . . continued)

> (2) with respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General).

ruling on the motion." Assoc. of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawai'i 97, 108, 58 P.3d 608, 619 (2002).

The Hawai'i Supreme Court explained the burdens of the moving and non-moving parties with respect to a motion for summary judgment as follows:

> The burden is on the party moving for summary judgment (moving party) to show the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitles the moving party to judgment as a matter of law. This burden has two components.
>
> First, the moving party has the burden of producing support for its claim that: (1) no genuine issue of material fact exists with respect to the essential elements of the claim or defense which the motion seeks to establish or which the motion questions; and (2) based on the undisputed facts, it is entitled to summary judgment as a matter of law. Only when the moving party satisfies its initial burden of production does the burden shift to the non-moving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.
>
> Second, the moving party bears the ultimate burden of persuasion. This burden always remains with the moving party and requires the moving party to convince the court that no genuine issue of material fact exists and that the moving [party] is entitled to summary judgment as a matter of law.

French v. Hawaii Pizza Hut, Inc., 105 Hawai'i 462, 470, 99 P.3d 1046, 1054 (2004) (quoting GECC Fin. Corp. v. Jaffarian, 79 Hawai'i 516, 521, 904 P.2d 530, 535 (App. 1995)) (emphasis omitted).

To the extent Paco argues that his cause of action arising from the floor change "is not barred by the statute of limitations," Paco is correct. Dr. Myers admitted that the owners of the unit had the new floors "installed in December

2012 or January 2013" and, thus, Paco could not have discovered an ADA violation arising from this alteration to Suite 3206 until his visit in January 2013. Thus, Dr. Myers failed to demonstrate that the Back-office Threshold issue was barred by the statute of limitations, and that she was entitled to a judgment as a matter of law on that basis.

Because the issue was not time-barred, there was a question of whether the altered threshold of the back office complied with the ADA. But, in his declaration attached to his memo in opposition to the motion for summary judgment, Paco attested that:

> 10. The alterations that my complaint refers to are the [M]ovant's replacement of her padded carpet flooring with bamboo hardwood flooring which lowered the level of her floors. As a result, the height of the threshold to the Movant's consultation room was raised.
>
> 11. When I finally was allowed to inspect the Movant's office, I found that the threshold was lowered.

Indeed, Paco's memo in opposition conceded that the threshold had been "brought into conformance[.]" This admission settled the remaining factual question before the circuit court of whether the Back-office Threshold violated the ADA.

And without the transcript from the October 19, 2016 hearing on the motion for summary judgment, which Paco failed to provide to this court, we will not infer or assume error. See State v. Hoang, 93 Hawai'i 333, 334, 3 P.3d 499, 500 (2000) (explaining that "appellant[s] bear[] the burden to show error by reference to matters in the record, and . . . has the

8

responsibility of providing the relevant transcript" and the appellate court "cannot presume error in the absence of the record").

Given Paco's admission that the Back-office Threshold was brought into compliance, Paco's request for injunctive relief is moot.[7]

For the above reasons, we affirm the First Circuit Court's December 22, 2017 Final Judgment.

DATED:  Honolulu, Hawai'i, December 12, 2022.

On the briefs:                          /s/ Lisa M. Ginoza
                                        Chief Judge
Nathan Paco,
Plaintiff-Appellant, pro se.            /s/ Clyde J. Wadsworth
                                        Associate Judge
Fred Paul Benco,
for Defendant-Appellee.                 /s/ Sonja M.P. McCullen
                                        Associate Judge

---

[7]  Paco's complaint alleges entitlement to monetary damages under Hawaii Revised Statutes § 347-13.5 (2015), but he makes no discernible argument on appeal related to his claim for monetary damages.

And even if he did, "[m]onetary relief . . . is not available to private individuals under Title III of the ADA" and "[a] private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages."  Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 86 (2d Cir. 2004).