**Electronically Filed
Supreme Court
SCWC-14-0001086
13-MAY-2019
02:58 PM**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

_____

RICHARD A. VILLAVER,
Petitioner/Plaintiff-Appellant,

vs.

DAVID KAWIKA SYLVA; HAWAII MEGA-COR, INC.,
a Hawaiʻi domestic for-profit corporation,
Respondents/Defendants-Appellees.

_____

SCWC-14-0001086

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-14-0001086; CIVIL NO. 10-1-2445)

MAY 13, 2019

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY WILSON, J.

In order to expedite the often extensive discovery process, Hawaiʻi Rules of Civil Procedure ("HRCP") Rule 36 allows a party to a lawsuit to "serve upon any other party a written request" for admissions.  Requesting that a party admit the truth of matters of fact, or of the application of law to fact, narrows the issues that must be proven at trial to those that

are actually disputed, which fosters more efficient trials. However, because a careless or inexpert litigant might unintentionally admit an entire case by failing to respond to a request for admissions, HRCP Rule 36(b) gives the trial court the discretion to permit the withdrawal of the admissions on the motion of an admitting party, so long as withdrawal will facilitate presentation of the merits and will not prejudice the party that obtained the admissions. Courts should exercise this discretion liberally in cases involving pro se litigants, which invoke the judicial system's interest in "promotion of equal access to justice[.]" Waltrip v. TS Enters., Inc., 140 Hawai'i 226, 239, 398 P.3d 815, 828 (2016).

In this case, claims brought by pro se Petitioner/Plaintiff-Appellant Richard A. Villaver ("Villaver") were dismissed based on his alleged failure to timely respond to a request for admissions—notwithstanding his request that the court provide him with an interpreter to help answer the requests. Villaver was denied the opportunity to exercise the right to a jury trial on the basis of his alleged failure to respond to a request for admissions that asked him to concede he had no claim. Villaver appeals from the judgment of the Intermediate Court of Appeals ("ICA"), which affirmed the order of the Circuit Court of the First Circuit ("circuit court") granting summary judgment against Villaver on the basis of his

failure to timely respond to the request for admissions.  He argues that the ICA erred in affirming the circuit court and that his request for an interpreter should have been construed by the circuit court as a request to withdraw the admissions and file a late response.  We agree.

## I.  BACKGROUND

### A.  Complaint and Court-Annexed Arbitration

On November 15, 2010, Villaver filed a complaint in the circuit court, alleging that on August 20, 2008, Respondent/Defendant-Appellee David Kawika Sylva ("Sylva"), an employee of Respondent/Defendant-Appellee Hawaii Mega-Cor, Inc. ("HMCI"), negligently drove an HMCI-owned van into Villaver's sedan while it was being operated by Villaver.  Villaver alleged that as a result of Respondents' negligence, "he suffered and continues to suffer from damages including, but not limited to, past and future medical and related expenses; past and future pain and suffering; past and future loss of enjoyment of life; [and] past and future serious emotional distress," and that he is entitled to compensation.

The matter proceeded through a non-binding Court Annexed Arbitration Program ("CAAP"), where Villaver was represented by counsel.  The arbitrator found in favor of Villaver, and awarded him $24,245.58 in damages:  $5,942.62 in

medical expenses, $8,302.96 of lost wages, and $20,000 in general damages, less $10,000 for the covered loss deductible.

## B.   Post-CAAP Proceedings

On August 31, 2012, Villaver appealed the CAAP award and requested a trial de novo.  On March 13, 2013, Villaver's attorney filed a motion to continue the trial and to withdraw as counsel.  Villaver told his attorney that he would seek replacement legal counsel.  Respondents took no position on the motion, and, after a hearing on April 3, 2013, the court granted the first motion to continue trial and for withdrawal of counsel, and set May 13, 2013 as the date for the trial setting conference.  At the trial setting conference on May 13, 2013, Villaver made his first pro se appearance and requested more time to obtain counsel.  A new trial setting conference was set for June 20, 2013.  On June 20, 2013, Villaver appeared pro se for the second time, and trial was set for the week of June 23, 2014.  The discovery deadline had been set as April 24, 2014, and the substantive motions deadline had been set as May 5, 2014.

Approximately nine months after Villaver's second pro se appearance, on March 17, 2014, Respondents served Villaver with a request for admissions via U.S. mail.  The request contained seventy-seven statements.  Among those statements were five statements that the circuit court later relied upon to

4

grant summary judgment to Respondents on all claims. The five statements requested that Villaver take a position contrary to the claims he successfully asserted before the CAAP arbitrator; specifically, they requested that he admit it was his negligence that caused the accident and that he incurred no injuries:

> 16. You were reversing your car out of a parking stall at the time of the subject accident.
>
> . . . .
>
> 18. Your negligence was the sole legal cause of the subject accident.
>
> . . . .
>
> 70. You did not sustain any injuries as a result of the subject accident.
>
> . . . .
>
> 76. You did not incur any general damages as a result of the subject accident.
>
> . . . .
>
> 77. You did not incur any special damages as a result of the subject accident.[1]

Less than a month after Villaver received the request for admissions, on April 15, 2014, defense counsel received a letter dated April 11, 2014 from Villaver's wife. Her letter explained that Villaver received the request for admissions and understood that the deadline to respond was April 18, but stated that Villaver was unable to complete the paperwork. According to Villaver's wife, Villaver became very stressed and

---

[1] Other requests for admissions related not only to authentication of documents and photographs, the extent of damages to Villaver's vehicle, and circumstances of the accident, but also to medical examinations, treatment, diagnosis, and opinions which were clearly beyond Villaver's expertise.

5

overwhelmed when he tried to answer the questions, had a difficult time remembering the specifics of his treatments, and did not understand English well. She explained further that Villaver did not have legal representation and that she could not help him because she was suffering from depression and anxiety. She concluded her letter by explaining that they were returning the paperwork to defense counsel uncompleted.

On May 1, 2014, Respondents Sylva and HMCI filed a motion for summary judgment. Respondents argued that, under HRCP Rule 36(a), because Villaver did not respond to the request for admissions within thirty days of service of the request, the matters contained within the request were admitted. HRCP Rule 36(a) states that each matter for which an admission is requested "is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney[.]" Based on Villaver's admissions, Respondents argued that Villaver's claims against them failed as a matter of law because he could not prove the elements of his negligence claim. Accordingly, Respondents requested summary judgment. The letter from Villaver's wife to defense counsel was attached to their motion as an exhibit.

6

Twenty days later, on May 21, 2014, the court held a hearing on Respondents' motion for summary judgment.[2] At the hearing, Villaver explained to the court that he could not respond to the request for admissions because he was losing memory of the event, and because he could not understand English well. He testified that he mostly spoke Visayan with his mother and Filipino in his business. He requested an interpreter to help him answer the questions, saying, "if you can give me one interpreter, that would help me for answer that question. Because some English I don't really understand. . . . All I see, I cannot read. I cannot really understand." The court noted that Villaver previously appeared in court and had not indicated that he had any difficulty speaking or understanding English; the court also elicited from Villaver that he had lived in Hawai'i for forty-one years and that he had attended public elementary, intermediate, and high school in Hawai'i. The court denied his request for an interpreter to assist him with the written documents. The court also observed that its June 2013 trial status-setting order contained various pre-trial deadlines, and that there had been ample time for Villaver to obtain new counsel or proceed pro se.

---

[2] The Honorable Jeannette H. Castagnetti presided.

The court indicated to Villaver that it was inclined to grant the summary judgment motion on the basis of his failure to respond to the request for admissions:

> [THE COURT:]  Mr. Villaver, so the defendants are requesting that this court grant summary judgment in their favor, which means finding that they were not negligent, not liable, and that the basis, the reason why they're saying they should get judgment in their favor, along -- in addition to what's been argued today, is that you did not respond to the requests for admissions that were sent to you; and under the rules, if you don't respond within the time period, the admissions are -- the requests are deemed admitted.  So not responding to their requests for admissions within 30 days or by 30 days, you have now admitted the requests that they had put in there, in particular -- well, there's a number of them.  I won't go through them because they're all contained in the motion. But, essentially, the admission being that you were negligent and Defendants were not.
>
> So I'm inclined to grant the motion, as the responses were not provided -- there was no response provided to the request for admissions.  The rule requires a response.

At the conclusion of the hearing, the court deemed the statements admitted, concluded that there would be no genuine issue of material fact for trial, and granted Respondents' motion for summary judgment.

Approximately one month after the hearing, on June 26, 2014, the court's order was filed.  In the order, the court explained that "[b]ecause no written answer or objection addressed to the matter and signed by the Plaintiff was served with respect to Defendants' Request for Admissions, Defendants' Request for Admissions are therefore deemed admitted."  The court found that the following five admissions demonstrated that there were no genuine issues as to any material fact:

8

> (a) Plaintiff was reversing his car out of a parking stall at the time of the subject accident (Request for Admissions No. 16);
>
> (b) Plaintiff's negligence was the sole legal cause of the subject accident (Request for Admissions No. 18);
>
> (c) Plaintiff did not sustain any injuries as a result of the subject accident (Request for Admissions No. 70);
>
> (d) Plaintiff did not incur any general damages as a result of the subject accident (Request for Admissions No. 76); and
>
> (e) Plaintiff did not incur any special damages as a result of the subject accident (Request for Admissions No. 77).

Based on these admitted facts, the court ordered that Respondents' motion for summary judgment be granted. Judgment was entered in favor of Respondents on June 23, 2014. This appeal followed.

## C. Appeal to the ICA

On appeal, Villaver contended through retained counsel that the circuit court erred in granting summary judgment. He argued that it should have allowed him to withdraw his admissions under HRCP Rule 36(b). HRCP Rule 36(b) provides discretion to the court to permit the withdrawal of admissions if doing so would facilitate presentation of the merits and would not prejudice the party that obtained the admissions:

> [T]he court may permit withdrawal or amendment [of any admission] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining his or her action or defense on the merits.

9

Villaver's opening brief requested that his "inarticulate *pro se*" attempts to explain his failure to respond to the request for admissions and the motion for summary judgment—namely, his wife's letter to defense counsel and his oral arguments about his faulty memory and difficulty with the English language—be construed as a motion to withdraw the admissions under HRCP Rule 36(b). He argued that the circuit court's failure to consider his request for an interpreter as a motion to withdraw admissions was an abuse of its discretion, and that the circuit court erred in its decision to award summary judgment on the basis of the statements he was deemed to have admitted. He contended that the court should have allowed him to withdraw his admissions. He argued further that the court should have given him one last chance to obtain assistance of counsel and to answer the request for admissions with such assistance.

The ICA affirmed the circuit court's order granting summary judgment. Villaver v. Sylva, No. CAAP-14-0001086, 2017 WL 4534435, at *4 (App. Oct 11, 2017) (SDO). In reaching this decision, the ICA acknowledged that, where possible, the court should "afford[] litigants the opportunity to have their cases heard on the merits[.]" Id. at *2 (citing Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012)). However, the ICA expressed concern that Villaver had not followed the rules of discovery while representing himself, stating that "pro se

10

plaintiffs are not exempt from discovery rules." Id. It found that Villaver's wife's letter was not a proper objection to the request for admissions under HRCP Rule 36(a), and that Villaver's pro se in-court request for appointment of an interpreter was not a request to withdraw admissions. Id.

The ICA cited the standard enunciated in HRCP Rule 36(b) to determine whether the circuit court properly exercised its discretion to allow for the withdrawal of admissions:

> [I]n exercising its discretion the court must apply the test set forth in Rule 36(b): (1) whether the presentation of the merits will be subserved if the withdrawal of the admission is permitted and (2) whether the party who obtained the admission can satisfy the court that withdrawal will prejudice him in maintaining his action or defense on the merits.

Id. at *3 (internal quotation marks and ellipses omitted) (quoting W.H. Shipman, Ltd. v. Hawaiian Holiday Macadamia Nut Co., 8 Haw. App. 354, 366–67, 802 P.2d 1203, 1209–10 (1990)). The ICA distinguished Villaver's case from Shipman, wherein the defendant was represented by counsel who filed untimely answers to a request for admissions. Id. (citing Shipman, 8 Haw. App. at 366, 802 P.2d at 1209). The defendant in Shipman subsequently filed a motion to amend a discovery order which the ICA construed to impliedly include a motion to withdraw statements that had been previously deemed admitted and to submit a late response. 8 Haw. App. at 367, 820 P.2d at 1210. The ICA noted that in Shipman, defendant Hawaiian Holiday had

11

belatedly answered Shipman's interrogatories, produced requested documents, and allowed Shipman to depose two of its officers; additionally, there were two and a half months left before trial when it did respond. Villaver, 2017 WL 4534435, at *3 (citing Shipman, 8 Haw. App. at 367, 820 P.2d at 1210). The ICA found it significant that at the time of his request for an interpreter, Villaver had not moved forward with discovery in any way, numerous discovery deadlines had passed, and there were only a few weeks left until trial. Id. at *4. The ICA held that the circuit court did not abuse its discretion in concluding that Respondents would have been prejudiced in maintaining their defense if withdrawal was permitted. Id.

Villaver filed an application for a writ of certiorari with this court, which was accepted.

## II. STANDARDS OF REVIEW

An abuse of discretion occurs if the trial court has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992).

"On appeal, the grant or denial of summary judgment is reviewed de novo." Nuuanu Valley Ass'n v. City & Cty. of Honolulu, 119 Hawai'i 90, 96, 194 P.3d 531, 537 (2008). "[S]ummary judgment is appropriate if the pleadings,

12

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Id. (quoting Kahale v. City & Cty. Of Honolulu, 104 Hawaiʻi 341, 344, 90 P.3d 233, 236 (2004)).

### III.  DISCUSSION

**A.  Villaver's Request for an Interpreter Should Have Been Deemed a Motion to Withdraw His Admissions.**

Although Villaver's failure to respond to Respondents' request for admissions provided a proper basis to find the requests admitted under HRCP Rule 36(a), his request for an interpreter should have been considered as a motion to withdraw his admissions under HRCP Rule 36(b).

HRCP Rule 36(a) allows one party to serve another a written request for admissions.  A request for admissions must set forth statements of fact, of opinion, or of the application of law to fact, that concern issues in the case.  HRCP Rule 36(a).  The party in receipt of the request can answer or object to each matter for which an admission is requested.  If the party chooses to answer, the party must "specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter."  Id.  If the party denies a matter, the party must "fairly meet the substance

13

of the requested admission[.]" Id. If the party gives lack of information or knowledge as a reason for failure to admit or deny a matter, the party must "state[] that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Id. If the party chooses to object, it must state the reasons for the objection. Id. An answer or objection must be written and signed by the party or the party's attorney. Id. If the party neither answers nor objects to a matter within thirty days after service of the request for admissions, or within such shorter or longer time as the court allows or the parties agree to in writing, then the matter is admitted. Id.

As Villaver concedes, he failed to respond to the request for admissions within thirty days of service as required by HRCP Rule 36(a).[3] The letter from Villaver's wife to defense counsel did not constitute an answer or objection to the request for admissions pursuant to HRCP Rule 36(a), and, as such, did not preclude the court from deeming the statements admitted after thirty days. In her letter, Villaver's wife explained that Villaver was unable to respond to the request for admissions because, when he tried, he became overwhelmed,

―――――――――――――――

[3] Respondents served Villaver with the request for admissions on March 17, 2014. Villaver's wife sent her letter on April 11, 2014, and it was received by defense counsel on April 15, 2014. The thirty day response deadline expired on April 16, 2014.

14

couldn't remember facts, or couldn't understand the questions. She explained that they were returning the paperwork to defense counsel uncompleted. Her letter did not constitute an answer because it was not signed by Villaver or by an attorney representative, and thus did not comply with HRCP Rule 36(a). Furthermore, the letter could not be construed as a motion to withdraw admissions because the letter was sent and received before the statements in the request for admissions were deemed admitted. However, the letter was relevant to the court's determination as to the degree to which Villaver sought to comply with the request for admissions, and whether his request for an interpreter warranted a continuance of the hearing on the motion for summary judgment and withdrawal of his admissions.

Because neither Villaver nor an attorney representing him complied with the answer or objection requirements of HRCP Rule 36(a) within thirty days of service of the request, the statements in the request were properly deemed admitted; we therefore consider Villaver's contention that the circuit court erred by failing to consider his request for an interpreter as a motion to withdraw his admissions pursuant to HRCP Rule 36(b). HRCP Rule 36(b) provides that the court may allow any matter admitted under HRCP Rule 36(a) to be withdrawn upon an appropriate motion: "Any matter admitted under this rule is

15

conclusively established unless the court on motion permits withdrawal or amendment of the admission."

Villaver's oral request for an interpreter to help him answer the admissions was not a formal motion to withdraw admissions.  But his failure to observe formalities did not preclude the court from permitting him to withdraw his admissions, as Hawai'i courts have considered untimely responses to a request for admissions as constituting an informal motion to withdraw admissions.  One such example is In re Trade Wind Tours of Hawaii, Inc., wherein the ICA addressed the director of taxation's untimely filing of answers to a request for admissions.  6 Haw. App. 260, 264, 718 P.2d 1122, 1125 (1986).  The ICA held that the tax appeal court "did not abuse its discretion in deeming the Director's admissions to have been withdrawn upon the filing of the answers."  Id. at 264, 718 P.2d at 1126.  Similarly, in Shipman, the ICA held that late responses to a request for admissions could be considered a request for withdrawal of the admissions.  8 Haw. App. at 366, 802 P.2d at 1209.  In that case, the circuit court entered an order deeming admitted the statements in the request for admissions served by Shipman on Hawaiian Holiday because Hawaiian Holiday had not responded before the HRCP Rule 36(a) thirty-day deadline.  Id. at 365, 802 P.2d at 1209.  The court subsequently denied Hawaiian Holiday's motion to amend an order

16

to compel discovery which provided that all matters covered by the request for admissions were deemed admitted. Id. at 358-59, 802 P.2d at 1206. The ICA held that Hawaiian Holiday's motion to amend the order deeming the matters in the request admitted, made after late service of its response to the request, was "impliedly a motion to withdraw the Rule 36(a) automatic admissions." Id. at 366, 802 P.2d at 1209. The ICA held that "the allowance of a late filing of a response to a request for admissions by the court 'is the equivalent of allowing a party to withdraw admissions made by operation of Rule 36(a).'" Id. (quoting Trade Wind Tours, 6 Haw. App. at 264, 718 P.2d at 1126); see also Bergemann v. United States, 820 F.2d 1117, 1121 (10th Cir. 1987) (finding that "both the response to [the plaintiff's] motion for summary judgment and the recorded pre-trial hearings in this case were, in essence, motions to withdraw the admissions"); Warren v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers of Am., 544 F.2d 334, 339 (8th Cir. 1976) ("To allow a late filing of answers to a request for admissions is the equivalent of allowing a party to withdraw admissions made by operation of Rule 36(a)." (internal parentheticals omitted) (quoting Pleasant Hill Bank v. United States, 60 F.R.D. 1, 3 (W.D. Mo. 1973))).

17

In the present case, when Villaver made his request for an interpreter, the circumstances constituted a request to the court for permission to withdraw his admissions and file a late response to the request for admissions. His wife had indicated that he needed a lawyer to help him complete the paperwork sent to him by Respondents. Villaver requested the interpreter for the purpose of filing his response to the request for admissions: "So if I -- if -- if I need -- if you can give me one interpreter, that would help me for answer that question." The circuit court recognized that Villaver's purpose in asking for an interpreter was in part to file a late response to the request for admissions, stating "I'm inclined at this point to . . . deny . . . [Villaver's] request for an interpreter to assist him with the written documents that he's received from the other side." The request to file a late response to a request for admission was the equivalent of a request to withdraw admissions. See Trade Wind Tours, 6 Haw. App. at 264, 718 P.2d at 1126.

Villaver's status as a pro se litigant supports construing his request for an interpreter as a request to withdraw his admissions and file a late response. In the context of pro se pleadings, we have explained that "[a] fundamental tenet of Hawai'i law is that '[p]leadings prepared by pro se litigants should be interpreted liberally[,]'" and that

"[t]he underpinnings of this tenet rest on the promotion of equal access to justice[.]" Waltrip, 140 Hawaiʻi at 239, 398 P.3d at 828 (quoting Dupree v. Hiraga, 121 Hawaiʻi 297, 314, 219 P.3d 1084, 1101 (2009)). In Waltrip, we favorably noted that "[f]ederal courts have extended this 'liberality doctrine' to include pro se motions in certain scenarios[,]" and held that liberal construction of motions was appropriate in workers' compensation cases, as they typically provide "the only recovery available for an employee who is injured at work[.]" Id. Similarly, Villaver's pro se request for an interpreter at the hearing should have been interpreted liberally as a request to withdraw his admissions and file a late response, particularly since a more restrictive interpretation would have extinguished his only opportunity to recover on his negligence claim.

**B. The Circuit Court Abused Its Discretion by Failing to Apply the Two Factors of Rule 36(b) to Villaver's Informal Motion to Withdraw Admissions and File a Late Response.**

To determine whether to permit Villaver to withdraw his admissions, the circuit court was required to consider the two factors enumerated in HRCP Rule 36(b): "(1) whether 'the presentation of the merits will be subserved' if the withdrawal of the admission is permitted and (2) whether the party who obtained the admission can 'satisfy the court that withdrawal . . . will prejudice him in maintaining his action or defense on the merits.'" Shipman, 8 Haw. App. at 367, 802 P.2d at 1209–10

19

(quoting HRCP Rule 36(b)). When both factors are met—that is, when withdrawal would promote presentation of the merits but would not prejudice the party that obtained the admissions—the court may permit withdrawal.

The circuit court in the present case did not consider either of the two HRCP Rule 36(b) factors. With respect to the first factor, the court was required to consider whether "upholding the admissions would practically eliminate any presentation of the merits of the case." Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007) (quoting Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995)). Thus, the first factor weighed in favor of permitting Villaver to withdraw his admissions; otherwise, the admissions necessarily required the court to grant summary judgment and precluded a trial on the merits. Denial of the request to withdraw admissions did not subserve the presentation of the merits.

The circuit court also did not consider the second factor, whether withdrawal would prejudice the party that obtained the admission. Prejudice under HRCP Rule 36(b) does not contemplate the prejudice that the party who obtained the admissions will incur merely because the admissions are no longer deemed admitted; such a standard would render the withdrawal of admissions nearly impossible. Instead, prejudice in this context deals with the difficulty to the party who

20

obtained the admissions from proving its case once the admissions are withdrawn:

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.

Perez v. Miami-Dade Cty., 297 F.3d 1255, 1266 (11th Cir. 2002) (quoting Smith v. First Nat. Bank of Atlanta, 837 F.2d 1575, 1578 (11th Cir. 1988)); see also Conlon, 474 F.3d at 624 ("[W]e are reluctant to conclude that a lack of discovery, without more, constitutes prejudice. The district court could have reopened the discovery period . . . and prejudice must relate to the difficulty a party may face in proving its case at trial[.]"). Thus, the party that has obtained the admissions must show that withdrawal of the admissions will impact its ability to prove the facts previously admitted.

Here, the circuit court did not address, nor did it ask the parties to address, whether allowing Villaver's withdrawal would unfairly prejudice Respondents.[4] Thus, Respondents, "the part[ies] who obtained the admissions[,] fail[ed] to satisfy the court that withdrawal or amendment [would] prejudice that party in maintaining his or her action or

---

[4] The court did emphasize that it would not postpone the trial further, particularly given that Villaver knew about the trial deadlines. However, the court did not consider how the expiration of the trial deadlines in conjunction with allowing Villaver to file a late response would prejudice Respondents.

defense on the merits." HRCP Rule 36(b). The record does not indicate that Respondents would have suffered prejudice to their case if the admissions were permitted to be withdrawn; to the contrary, it indicates they had adequate opportunity to, and did, develop their case without the aid of the admissions, and that withdrawal of the admissions would not have created a need for new evidence otherwise addressed by the admissions. Respondents were clearly on notice throughout the case regarding Villaver's allegations of negligence and the damages he claimed to have suffered. Those allegations were addressed in the CAAP process. Respondents conducted over a year and a half of discovery well before the statements in the request for admissions were deemed admitted.[5]

The circumstances of this case exemplify a disfavored use of HRCP Rule 36, one in which proponents submit a request for admissions "with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements" of his case. Perez, 297 F.3d at 1268; see also Bergemann, 820 F.2d at 1121; cf. Cty. of Hawai'i v. Ala Loop Homeowners, 123 Hawai'i 391, 423, 235 P.3d 1103, 1135 (2010) ("Defaults are generally

---

[5] The record indicates that by April 2014, Respondents had identified at least thirty-five lay witnesses and eighteen expert witnesses they intended to call to testify at trial, and had served subpoenas duces tecum to State Farm Insurance Companies, Workstar Injury Recovery Center, and Claudette H. Ozoa, Ph.D. The request for admissions itself indicates that Respondents had developed various theories under which they would avoid liability to Villaver.

disfavored."), abrogated on other grounds by Tax Found. of Hawai'i v. State, No. SCAP-16-0000462, 2019 WL 1292286 (Haw. Mar. 21, 2019). The circuit court should have considered Villaver's informal motion to withdraw his admissions under the two factors of HRCP Rule 36(b) relating to presentation of the merits and prejudice to the non-admitting party, both of which favored withdrawal. In failing to grant the motion, the court abused its discretion.

## IV. CONCLUSION

Villaver's pro se request to obtain an interpreter before the court entered summary judgment against him should have been considered a motion to withdraw his admissions and continue the hearing on the motion for summary judgment. The court's discretion in ruling on the motion to withdraw admissions under HRCP Rule 36(b) was bound by the requirement that it consider whether the merits of the case would be served by withdrawal and whether the party obtaining the admissions would be prejudiced by the withdrawal. It was an abuse of discretion to deny withdrawal of Villaver's admissions. Absent the admissions, the record contains genuine issues of material fact that preclude summary judgment against Villaver.

For the foregoing reasons, we vacate the ICA's November 22, 2017 judgment on appeal and the circuit court's June 26, 2014 order granting summary judgment and July 28, 2014

judgment and remand the case to the Circuit Court of the First Circuit for further proceedings consistent with this opinion.

Charles H. Brower                    /s/ Mark E. Recktenwald
for Petitioner
                                     /s/ Paula A. Nakayama
J. Patrick Gallagher
Erin I. Macdonald                    /s/ Sabrina S. McKenna
for Respondents
                                     /s/ Richard W. Pollack

                                     /s/ Michael D. Wilson

