**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000717
26-JUN-2024
07:57 AM
Dkt. 168 SO**

NO. CAAP-19-0000717

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MAUNA KEA AINAINA HOU, KEALOHA PISCIOTTA;
PAUL K. NEVES; CLARENCE KU CHING; KALIKO KANAELE;
CINDY FREITAS; WILLIAM FREITAS; LANNY ALAN SINKIN,
Petitioners-Appellants,
v.
JOSHUA B. GREEN, M.D., Governor, State of Hawaiʻi;[1]
ANNE E. LOPEZ, Attorney General, State of Hawaiʻi;[2]
DAWN N.S. CHANG, Chair, Board of Land and Natural Resources;
RILEY SMITH, Board of Land and Natural Resources;
DOREEN NĀPUA CANTO, Board of Land and Natural Resources;
KAREN ONO, Board of Land and Natural Resources;
AIMEE KELIʻI BARNES, Board of Land and Natural Resources;
VERNON CHAR, Board of Land and Natural Resources;

---

[1]     Pursuant to Hawaiʻi Rules of Evidence (**HRE**) Rule 201 and Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 43(c)(1), we take judicial notice that Joshua B. Green, M.D. is the current Governor of the State of Hawaiʻi, and he is automatically substituted as Respondent-Appellee in place of David Ige.

[2]     Pursuant to HRE Rule 201 and HRAP Rule 43(c)(1), we take judicial notice that Anne E. Lopez is the current Attorney General, State of Hawaiʻi, and she is automatically substituted as Respondent-Appellee in place of Clare E. Connors.

WESLEY "KAIWI" YOON, Board of Land and Natural, Resources;[3]
MITCH ROTH, Mayor, County of Hawaiʻi;[4]
DAVID LASSNER, President, University of Hawaiʻi;
THIRTY METER TELESCOPE INTERNATIONAL OBSERVATORY (TIO),
Respondents-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 19-1-0177)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Presiding Judge, Circuit Court Judges Toʻotoʻo and
Kawashima, in place of Leonard, Acting Chief Judge, Hiraoka,
Wadsworth, McCullen and Guidry, JJ., all recused)

This is the third appeal arising out of challenges to Board of Land and Natural Resources (**BLNR**)'s approval of a Conservation District Use Permit (**CDUP**) for the construction of the Thirty Meter Telescope (**TMT**) on Mauna Kea.[5] Following the Hawaiʻi Supreme Court's 2018 affirmance of BLNR's 2017 order granting the CDUP (**2017 Order Granting CDUP**), BLNR issued a notice authorizing TMT construction to proceed, which Appellants

---

[3]     Pursuant to HRE Rule 201 and HRAP Rule 43(c)(1), we take judicial notice that Dawn N.S. Chang, Riley Smith, Doreen Nāpua Canto, Karen Ono, Aimee Keliʻi Barnes, Vernon Char, and Wesley "Kaiwi" Yoon are the current members of the Board of Land and Natural Resources, and they are automatically substituted as Respondents-Appellees in place of Suzanne Case, Stanley H. Roehrig, James A. Gomes, Thomas Oi, Samuel "Ohu" Gon III, and Christopher Yuen.

[4]     Pursuant to HRE Rule 201 and HRAP Rule 43(c)(1), we take judicial notice that Mitch Roth is the current Mayor for the County of Hawaiʻi, and he is automatically substituted as Respondent-Appellee in place of Harry Kim.

[5]     The two prior appeals stemmed from the 2011 contested case hearing at issue in Mauna Kea Anaina Hou v. Bd. of Land & Nat. Res. (**Mauna Kea I**), 136 Hawaiʻi 376, 385, 363 P.3d 224, 233 (2015), and the 2016-2017 contested case hearing at issue in Matter of Conservation Dist. Use Application HA-3568 (**Mauna Kea II**), 143 Hawaiʻi 379, 387, 431 P.3d 752, 760 (2018).

challenged via a petition for injunctive relief.  This appeal arises out of the dismissal of the petition.

Petitioners-Appellants Mauna Kea Ainaina Hou; Kealoha Pisciotta; Paul K. Neves; Clarence Ku Ching (**Ching**); Kaliko Kanaele; Cindy Freitas; William Freitas; and Lanny Alan Sinkin (collectively, **Appellants**) appeal from the: (1) "Order Granting *Respondent State of Hawaii's Motion to Dismiss Petitioners' First Amended Petition for Declaratory Judgments, Preliminary and Permanent Injunction, Filed July 12, 2019*, Filed July 29, 2019"; (2) "Order Granting Respondent TMT International Observatory LLC's Motion to Dismiss First Amended Petition for Declaratory Judgments, Preliminary and Permanent Injunction Filed July 12, 2019, Filed July 29, 2019"; (3) "Order Granting *Respondent Harry Kim, Mayor, County of Hawaiʻi's Motion to Dismiss Petitioners' First Amended Petition for Declaratory Judgments, Preliminary and Permanent Injunction, Filed July 12, 2019*, Filed July 29, 2019" (collectively, **Orders Granting Dismissal**); and (4) "Order Denying Petitioners' Motion for Leave to File Second Amended Petition, Filed August 5, 2019" (**Order Denying Motion to Amend**), all filed and entered by the Circuit Court of the Third Circuit (**Circuit Court**)[6] on October 17, 2019.

On appeal, Appellants contend[7] that the Circuit Court erred by (1) dismissing the petition by "applying *res judicata* and *collateral estoppel* principles" to the Appellants' argument regarding "the applicability of the 1977 Mauna Kea Plan," and (2) denying Appellants' motion to amend the petition because the amendments would be futile.

---

[6]     The Honorable Greg K. Nakamura presided.

[7]     We have restated and consolidated Appellants' points of error for clarity.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we affirm.

Following the Hawaiʻi Supreme Court's affirmance of BLNR's 2017 Order Granting CDUP in Mauna Kea II, on June 19, 2019, BLNR issued Respondent-Appellee TMT International Observatory LLC (**TMT LLC**) a notice authorizing TMT construction to proceed (**Notice to Proceed**).

On July 12, 2019, Appellants filed a "First Amended Petition for Declaratory Judgments, Preliminary and Permanent Injunction" (**Petition for Injunction**) against Respondents-Appellees State of Hawaiʻi (**State**), BLNR, County of Hawaiʻi (**County**), the University of Hawaiʻi (**UH**), and TMT LLC (collectively, **Appellees**). Appellants requested the Circuit Court to find that Appellees "failed to comply with the requirement to post the security equivalent of the construction contract cost for the [TMT], as required by the 1977 Mauna Kea Plan," before initiating the TMT construction.

On July 29, 2019, TMT LLC, the State, and the County all moved to dismiss the Petition for Injunction (collectively, **Motions to Dismiss**).[8] TMT LLC, the State, UH, and the County argued that Appellants' claims were barred by res judicata and collateral estoppel because Appellants were parties to the second contested case hearing in Mauna Kea II, during which the applicability of the 1977 Mauna Kea Plan was already litigated. Appellants opposed the Motions to Dismiss.

---

[8] The State, County, and UH joined TMT LLC's Motion to Dismiss. The County joined the State's Motion to Dismiss.

On August 6, 2019, Appellants filed a non-hearing Motion for Leave to File Second Amended Petition (**Motion to Amend**), requesting to add two new theories supporting their contention that security in the form of a performance bond was required under Hawaii Revised Statutes (**HRS**) § 103D-324 (**HRS Chapter 103D amendment**) and under the public trust doctrine (**public trust amendment**).

On August 23, 2019, the Circuit Court conducted a hearing on the Motions to Dismiss and granted the motions, ruling that Appellants' claim alleging noncompliance with the required posting of a construction bond was barred "because of res judicata and collateral estoppel principles."[9]

On October 17, 2019, the Circuit Court filed its Orders Granting Dismissal and its Order Denying Motion to Amend concluding the two amendments would be "futile." The Circuit Court denied the HRS Chapter 103D amendment because the chapter "applie[d] to procurement contracts made by governmental bodies" and that "there [wa]s no allegation in the proposed [filing] that a 'governmental body' [wa]s entering into a contract for the construction of the [TMT]." The Circuit Court denied the public trust amendment because the Mauna Kea II footnote upon which Appellants relied, 143 Hawai'i at 402 n.29, 431 P.3d at 775 n.29, "did not . . . impose a performance bond requirement based

---

[9] While the Motions to Dismiss were filed pursuant to Hawai'i Rules of Civil Procedure (**HRCP**) Rule 12(b)(6) for failure to state a claim upon which relief could be granted, the Circuit Court noted that both sides submitted materials that went outside of the pleadings, and considered the Motions to Dismiss as motions for summary judgment. See Wong v. Cayetano, 111 Hawai'i 462, 476, 143 P.3d 1, 15 (2006) ("[A] motion seeking dismissal of a complaint is transformed into a [HRCP] Rule 56 motion for summary judgment when the circuit court considers matters outside the pleadings." (citation omitted)).

upon public trust principles[,]" but rather, "left it to the discretion of the [BLNR] to determine what to require in order to assure site restoration at no cost to the State."  Appellants timely appealed.

> **(1)  The Circuit Court did not err by granting summary judgment based on res judicata and collateral estoppel.[10]**

"On appeal, the grant or denial of summary judgment is reviewed *de novo*."  <u>Villaver v. Sylva</u>, 145 Hawai'i 29, 34, 445 P.3d 701, 706 (2019) (citation omitted).  "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  <u>Id.</u> (cleaned up).

Res judicata is reviewed de novo under the right/wrong standard.  <u>Dannenberg v. State</u>, 139 Hawai'i 39, 50, 383 P.3d 1177, 1188 (2016).  "*Res judicata* prohibits the relitigation of all grounds . . . which might have been properly litigated in the prior action . . . ."  <u>Id.</u> at 59, 383 P.3d at 1197 (citation omitted).

> *Res judicata* is applicable when: (1) the claim or cause of action in the present action is identical to the one decided in the prior adjudication; (2) there was a final judgment on the merits in the prior adjudication; and (3) the parties to the present action are the same or in privity with the parties in the prior action.[11]

<u>Id.</u> (footnote added) (cleaned up).

---

[10]    Appellants do not present any argument challenging the Circuit Court's application of collateral estoppel, and such challenge is waived. <u>See</u> HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

[11]    Appellants make no argument challenging their privity with the parties in the contested case for the 2017 Order Granting CDUP.  We do not address it.  <u>See</u> HRAP Rule 28(b)(7).

Appellants argue that res judicata did not apply because the "two findings of fact made by the BLNR" in its 2017 Order Granting CDUP were "insufficient to support the contention that the [bond] issue was fully and fairly litigated in the contested case"; that there were "no conclusions of law on the bond issue" in its Order Granting CDUP; and "[t]here [wa]s no final judgment on the question of the 1977 Plan's continued viability."  Appellants also argue that they presented evidence and argument as to "whether later plans 'superseded' the 1977 Plan," and as such, there were "fact disputes that should have foreclosed a [sic] summary judgment."

The record reflects the following pertinent findings of fact (**FOFs**) in the 2017 Order Granting CDUP:

> 361.  Petitioner Ching posited that the TMT Project has not taken proper steps to ensure funding of the project.  Ching cites Section II(C) of the Mauna Kea Plan (1997), which provides that "[n]o application or any proposed facility shall have final approval without the applicant having first filed with [BLNR], adequate security equal to the amount of the contract to construct the telescope facilities, support facilities and to cover any other direct or indirect costs attributed to the project[.]" Ching argues that, to comply with the foregoing, a bond in the amount of the contract to construct the project (and ancillary facilities) must be posted before the CDUA [(Conservation District Use Application)] can be approved. Ex. B.19a at 6-7; Ex. B.17g; Vol. 29, Tr. 1/24/17 at 215:9-21.
>
> 362.  The Mauna Kea Plan (1977) is a "policy guide" and "a policy framework for the management of Mauna Kea."  Ex. B.17g at 6, 16. The Plan indicates that it is "conceptual" and must be reviewed and updated as time goes on, and circumstances change.  *Id.* at 16. It was the first "master plan" for Mauna Kea and consists of 17 pages.  It has obviously been superseded by the much more detailed and extensive planning efforts that are described elsewhere in these findings of fact.

(Emphases added.)  Appellants did not challenge these pertinent findings when they appealed the 2017 Order Granting CDUP to the Hawai'i Supreme Court in Mauna Kea II.  See Mauna Kea II, 143 Hawai'i at 421, 431 P.3d at 794 (Pollack, J., concurring)

(explaining that BLNR's finding that the "1977 Mauna Kea Plan has 'obviously been superseded by the much more detailed and extensive planning efforts'" was "not raised on appeal"); Eastern Savings Bank, FSB v. Esteban, 129 Hawaiʻi 154, 159, 296 P.3d 1062, 1067 (2013) (stating that the remedy for "[u]nsatisfied litigants" is to "appeal through available channels[,]" but "they cannot, even if the first suit may appear to have been decided wrongly, file new suits" (citation omitted)); Kelly v. 1250 Oceanside Partners, 111 Hawaiʻi 205, 227, 140 P.3d 985, 1007 (2006) (noting that unchallenged findings are binding).

The findings in the 2017 Order Granting CDUP support the Circuit Court's conclusion here, applying res judicata to bar the identical argument made by Appellants in this case that the 1977 Plan required a construction bond. See Dannenberg, 139 Hawaiʻi at 59, 383 P.3d at 1197. The 2017 Order Granting CDUP affirmed in Mauna Kea II also constitutes "a final judgment on the merits in the prior adjudication[.]" Id. (citation omitted). Thus, the Circuit Court did not err by granting summary judgment in favor of Appellees based on res judicata and collateral estoppel. See Villaver, 145 Hawaiʻi at 34, 445 P.3d at 706.

**(2) The Circuit Court did not err by denying the Motion to Amend based on the futility of the amendments.**

"Orders denying motions for leave to amend a complaint are reviewed for an abuse of discretion." Seki ex rel. Louie v. Hawaii Government Employees Ass'n, AFSCME Local No. 152, AFL-CIO, 133 Hawaiʻi 385, 400, 328 P.3d 394, 409 (2014) (citation omitted). HRCP Rule 15(a)(2) provides, inter alia, that "leave [to amend] shall be freely given when justice so requires."

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

TRI-S Corp. v. W. World Ins. Co., 110 Hawai'i 473, 490, 135 P.3d 82, 99 (2006) (emphasis added) (citation omitted).

Regarding Appellants' proposed HRS Chapter 103D amendment, Appellants argue that "HRS § 103D requires [TMT LLC] to post a surety[,]" as the "State may end up acquiring the TMT project"; and because "DLNR leased the land to [UH,]" which, in turn, subleased the land to TMT LLC, "the responsibility and costs to remove the TMT structures and restore the land will fall on the State." This argument lacks merit.

HRS § 103D-324(a)(1) (2012) requires a "performance bond . . . in an amount equal to one hundred per cent of the price specified in the contract[.]" HRS § 103D-102(a) (2012), entitled "Application of this chapter," states: "This chapter shall apply to all procurement contracts made by governmental bodies . . . ." (Emphasis added.) "Governmental body" is defined as "any department, commission, council, board, bureau, authority, committee, institution, legislative body, agency, government corporation, or other establishment or office of the executive, legislative, or judicial branch of the State, including the office of Hawaiian affairs, and the several counties of the State." HRS § 103D-104 (2012).

Here, Appellants acknowledge in their Opening Brief that TMT LLC is "a private corporation." HRS Chapter 103D only applies to procurement contracts by "governmental bodies." The Circuit Court did not abuse its discretion in denying the Motion

to Amend based on futility, and concluding that HRS Chapter 103D only "applies to procurement contracts made by governmental bodies[,]" and that "there is no allegation" by Appellants that "a 'governmental body' is entering into a contract for the construction of the [TMT]." See Seki ex rel. Louie, 133 Hawaiʻi at 400, 328 P.3d at 409; TRI-S Corp., 110 Hawaiʻi at 490, 135 P.3d at 99.

Regarding Appellants' proposed public trust amendment, Appellants argue that the Hawaiʻi Supreme Court in Mauna Kea II "identified" the construction bond "as necessary" and "requir[ed] [TMT LLC] to post a surety sufficient to guarantee funding for the restoration of the lands, should [TMT LLC] lack sufficient funds to do so." Appellants claim BLNR's issuance of the Notice to Proceed without requiring the construction bond breached BLNR's duty "to comply with all constitutional and public trust obligation [sic]." Appellants rely on footnote 29 in Mauna Kea II to support their argument, which states:

> FOF 360 states that "[TMT LLC] has already received substantial funds and will undertake additional fundraising efforts once a decision has been made as to the project approval." Although the BLNR addressed funding of decommissioning after completion, it is unclear whether other than an agreement from [TMT LLC] to perform, the BLNR has adequately ensured that buildings or equipment will not be left behind and the areas used by TMT will be restored in the event full funding is not obtained for completion of construction or insufficient funds for decommissioning are available. Its duties as trustee require that it do so. The BLNR has discretion under Special Condition 43 to impose "[o]ther terms and conditions" on the CDUP. Therefore, the BLNR should ensure that the areas used by TMT will be restored to their natural states at no cost to the State, whether through requiring an appropriate performance bond or through imposing funding and/or other requirements.

143 Hawaiʻi at 402 n.29, 431 P.3d at 775 n.29 (emphases added).

10

The above language requires BLNR to impose terms and conditions on the CDUP to ensure proper restoration of the areas used by TMT at no cost to the State, due to BLNR's "duties as trustee." Id. The language, however, affords BLNR discretion to determine how this requirement should be satisfied, and suggests conditions as follows: "whether through requiring an appropriate performance bond or through imposing funding and/or other requirements." Id. (emphases added). The language does not inflexibly **mandate** a construction bond, as Appellants contend. We conclude that the Circuit Court did not abuse its discretion by denying the Motion to Amend based on futility, and by concluding that the Hawai'i Supreme Court's footnote "left it to the discretion of the [BLNR] to determine what to require in order to assure site restoration at no cost to the State" rather than "impos[ing] a performance bond requirement based upon public trust principles[.]" See Seki ex rel. Louie, 133 Hawai'i at 400, 328 P.3d at 409; TRI-S Corp., 110 Hawai'i at 490, 135 P.3d at 99.

For the foregoing reasons, the (1) "Order Granting *Respondent State of Hawaii's Motion to Dismiss Petitioners' First Amended Petition for Declaratory Judgments, Preliminary and Permanent Injunction, Filed July 12, 2019*, Filed July 29, 2019"; (2) "Order Granting Respondent TMT International Observatory LLC's Motion to Dismiss First Amended Petition for Declaratory Judgments, Preliminary and Permanent Injunction Filed July 12, 2019, Filed July 29, 2019"; (3) "Order Granting *Respondent Harry Kim, Mayor, County of Hawai'i's Motion to Dismiss Petitioners' First Amended Petition For Declaratory Judgments, Preliminary and Permanent Injunction, Filed July 12, 2019*, Filed July 29, 2019"; and (4) "Order Denying Petitioners'

11

Motion for Leave to File Second Amended Petition, Filed August 5, 2019," all filed and entered by the Circuit Court of the Third Circuit on October 17, 2019, are affirmed.

DATED:  Honolulu, Hawaiʻi, June 26, 2024.

On the briefs:

Gary C. Zamber,
for Petitioners-Appellants.

Lerisa L. Heroldt,
Deputy Corporation Counsel
for Respondent-Appellee MITCH
ROTH, MAYOR, COUNTY OF HAWAIʻI

William J. Wynhoff,
Deputy Attorney General
For Respondent-Appellee STATE
OF HAWAIʻI

Ross T. Shinyama,
for Respondent-Appellee
TMT INTERNATIONAL OBSERVATORY
LLC

/s/ Karen T. Nakasone
Presiding Judge

/s/ Faʻauuga Toʻotoʻo
Circuit Court Judge

/s/ James S. Kawashima
Circuit Court Judge