**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000389
28-FEB-2025
08:35 AM
Dkt. 73 SO**

NO. CAAP-21-0000389


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ANNAMARIE KON; MARTHA HARDEN and GENE LANG THOMAS,
Plaintiffs-Appellants, v.
STATE OF HAWAIʻI, DEPARTMENT OF HEALTH;
PUNA GEOTHERMAL VENTURE, a Hawaiʻi general partnership,
Defendants-Appellees, and JOHN DOES 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CCV-20-0000394)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

**Plaintiffs**-Appellants Annamarie Kon et al. appeal from

the Circuit Court of the Third Circuit's April 19, 2021 Final

Judgment.[1]  On appeal, Plaintiffs challenge the circuit court's

granting of summary judgment in favor of Defendants-Appellees

**Puna Geothermal** Venture (or **PGV**) and State of Hawaiʻi Department

of Health (**DOH**).[2]

---

[1]  The Honorable Henry T. Nakamoto presided.

[2]  Plaintiffs also challenge the denial of their motion for
reconsideration.  Based on our decision, we need not address this issue.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and vacate and remand.

According to Puna Geothermal's motion for summary judgment, it was operating under a 2009 Noncovered Source Permit issued by DOH's Clean Air Branch (**DOH Permit** or **NSP**). In 2014, Puna Geothermal filed a timely application to renew its DOH Permit, but community members (not Plaintiffs) requested a contested case hearing regarding further environmental review, which was delayed for various reasons.[3] One reason for the contested case hearing delay was the 2018 Kīlauea eruption that caused Puna Geothermal to shut down for over a year. However, the DOH Director ultimately determined that further environmental review was not required to renew Puna Geothermal's DOH Permit.

Plaintiffs filed a complaint for declaratory and injunctive relief. Plaintiffs alleged that Puna Geothermal's application "to renew DOH air pollution permits for an action that uses state land" required an environmental review or, in the alternative, that substantive changes to the project

---

[3] The contested case docket numbers challenging Puna Geothermal's permit renewal are 15-CWBN-8-13 and 19-CWBN-5-24.

required a supplemental environmental review. (Emphasis omitted.)

Puna Geothermal moved for summary judgment, arguing it was entitled to judgment as a matter of law because there was no "action" under Hawaiʻi Revised Statutes (**HRS**) Chapter 343, the Hawaiʻi Environmental Policy Act (**HEPA**).[4] Puna Geothermal argued that the "renewal request" was "for the fully developed Facility that has been in commercial operation for more than twenty-five years, and not for any change in the Facility or its operations. It is therefore, not an 'action' as a matter of law." (Emphases omitted.)

The circuit court granted Puna Geothermal's motion for summary judgment, concluding "the renewal of the permit" was not an "action":

> It is undisputed that PGV's geothermal facility ("Facility") was developed decades ago and the potential environmental impacts were disclosed in a 1987 [Environmental Impact Statement (**EIS**)]. The Court finds the renewal of PGV's NSP is not for any change in the Facility or its operations, and concludes that the renewal of the permit is not an "action" as a matter of law.

(Emphases added.)

---

[4] Puna Geothermal also argued there was no HEPA "trigger." See HRS § 343-5(a) (2010). Plaintiffs moved for partial summary judgment on the issue of whether there was a trigger, which the circuit court granted. Puna Geothermal did not appeal or cross-appeal from the circuit court's decision. Thus, the trigger issue is not before us.

This court reviews the grant or denial of summary judgment de novo.  Villaver v. Sylva, 145 Hawaiʻi 29, 34, 445 P.3d 701, 706 (2019).

The burden is on the party moving for summary judgment "to show the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitles the moving party to judgment as a matter of law." Umberger v. Dep't of Land & Nat. Res., 140 Hawaiʻi 500, 528, 403 P.3d 277, 305 (2017) (citations omitted).  A defendant movant "may satisfy [its] initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the [non-movant] will be unable to carry his or her burden of proof at trial."  Ralston v. Yim, 129 Hawaiʻi 46, 60, 292 P.3d 1276, 1290 (2013).

Where there is an "action" proposed for state lands, an environmental assessment is required (unless exempted).  HRS §§ 343-5(a)(1), -6(a)(2) (2010).  HEPA defines "action" as "any program or project to be initiated by any agency or applicant." HRS § 343-2 (2010).

In the context of permit renewals, it is not the renewal of the permit that is a HEPA action; it is the activity under the permit that may constitute a HEPA action.  Carmichael v. Bd. of Land & Nat. Res., 150 Hawaiʻi 547, 569, 506 P.3d 211,

4

233 (2022) ("As demonstrated by our opinion in <u>Umberger</u>, it is the applicant's <u>permitted activity</u>—i.e., the activity for which the A&B Defendants initially sought permit approval—that constitutes 'action' within the meaning of HEPA.").

Thus, the circuit court correctly concluded that the renewal of the DOH Permit was not a HEPA action.  However, the circuit court erred by not considering whether the *activity* allowed under the DOH Permit was an "action."  This error might have been harmless if Puna Geothermal nonetheless met its summary judgment burden.

To satisfy its summary judgment burden, Puna Geothermal attempted to show that Plaintiffs could not prove the "action" element of their claim by providing the circuit court with the following:

(1)  a citation to Thermal Power Co.'s 1987 environmental impact statement for the Puna Geothermal Venture Project (**1987 EIS**);[5]

(2)  the January 22, 2021 declaration of Michael L. **Kaleikini**, "Senior Director, Hawaiʻi Affairs, of Ormat Technologies, Inc."; and

---

[5]  Thermal Power Co., <u>Puna Geothermal Venture Project:  Environmental Impact Statement</u> (1987) [hereinafter 1987 EIS], https://scholarspace.manoa.hawaii.edu/items/d15fbdda-ee96-40ff-b146-83649754ab93 [https://perma.cc/45TU-4W9L].

(3) a September 8, 2019 letter from the Department of Land and Natural Resources (**DLNR**) Chairperson, attached to which was an August 22, 2019 letter from Puna Geothermal's attorney to the DLNR Chairperson.

In its reply to Plaintiffs' memorandum in opposition, Puna Geothermal included:

(4) the March 9, 2020 declaration of Darin W.C. **Lum**, an Environmental Engineer V with DOH's Clean Air Branch, submitted in another proceeding.

As to Kaleikini's and Lum's declarations, they did not expressly identify the activity allowed under the DOH Permit and the activity proposed under the renewal application. And assuming arguendo that Puna Geothermal's August 22, 2019 letter to the DLNR Chairperson was admissible evidence, the letter also did not identify the activity allowed under the DOH Permit and the activity proposed under the renewal application. Finally, Puna Geothermal did not provide the circuit court with the DOH Permit or the renewal application.

Without evidence showing the activity allowed under the DOH Permit and the activity proposed under the renewal application, Puna Geothermal could not meet its summary judgment burden of negating the "action" element under HEPA.

Thus, the circuit court erred in granting Puna Geothermal's motion for summary judgment.

Based on the foregoing, we vacate the circuit court's April 19, 2021 "Order Granting (1) Plaintiffs' Motion for Partial Summary Judgment, Filed on January 11, 2021, and (2) Defendant Puna Geothermal Venture's Motion for Summary Judgment, Filed on January 22, 2021" to the extent it granted Puna Geothermal's motion for summary judgment, and we vacate the April 19, 2021 Final Judgment.  (Formatting altered.)  We remand this case to the circuit court for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, February 28, 2025.

On the briefs:

Gary C. Zamber,
for Plaintiffs-Appellants.

Ewan C. Rayner,
Deputy Solicitor General,
for Defendant-Appellee,
State of Hawaiʻi,
Department of Health.

Paul Alston,
Pamela W. Bunn,
Timothy H. Irons,
(Dentons),
for Defendant-Appellee,
Puna Geothermal Venture.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge