**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000735
26-JAN-2026
08:24 AM
Dkt. 72 SO**

NO. CAAP-23-0000735


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


HAROLD G. DAVIS, Plaintiff-Appellee,
v.
STEVE WARSH; MAUI POOLS DESIGN & MASONRY, LLC;
STEVE WARSH DBA MAUI MEADOWS POOLS AND MASONRY, LLC;
Defendants-Appellees,
DUARTE LIMA; Defendant-Appellant,
ACACIA HOMES CONSTRUCTION & REMODELING, LLC; Defendant-Appellee,
and DOES 1-100, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-22-0000065(2))


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Duarte N. **Lima** appeals from the
Circuit Court of the Second Circuit's September 26, 2025 First
Amended Final Judgment in favor of Plaintiff-Appellee Harold G.
**Davis** and against Lima and Defendants Steve **Warsh**, Maui Pools

Design & Masonry, LLC, DBA Maui Meadows Pools and Masonry, LLC, and Acacia Homes Construction & Remodeling, LLC.[1]

On appeal, Lima raises five points of error challenging: (1) the entry of default; (2) the denial of his motion to set aside and motion for reconsideration; (3) the default judgment; (4) the $191,151.73 in contract damages; and (5) the attorneys' fees in excess of the 25% allowed under Hawaiʻi Revised Statutes (**HRS**) § 607-14 (2016).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and vacate and remand.

Davis contracted Warsh to build a custom pool at Davis's home in Wailuku, Maui. The contract price was $163,415.62. After a dispute arose between Davis and Warsh,

---

[1] The Honorable Peter T. Cahill presided. The circuit court assigned the Honorable Kelsey T. Kawano to preside over the settlement conference.

Lima appealed from the circuit court's December 11, 2023 Judgment, which was superseded by the September 26, 2025 First Amended Final Judgment.

Lima also appeals from various underlying orders, including (1) the Settlement Judge's November 30, 2022 oral ruling finding Lima and the other Defendants in default; (2) the January 17, 2023 "Order Entering Default Against All Defendants as to All Claims"; (3) the February 17, 2023 "Order Denying Defendant Duarte Lima's Motion to Set Aside the Order Entering Default Against All Defendants as to All Claims Filed January 17, 2023"; (4) the September 19, 2023 "Order Denying Defendant Duarte Lima's Motion for Reconsideration and Granting Motion for Default Judgment Against Steve Warsh, Maui Pools Design & Masonry, LLC, and Acacia Homes Construction & Remodeling, LLC as to All Claims"; (5) the November 24, 2023 "Findings of Fact and Conclusions of Law and Order"; and (6) the December 8, 2023 "Order Awarding Attorneys' Fees and Costs".

Warsh did not complete construction of the pool. Davis claims he spent an additional $27,736.11 above the contract price to finish building the pool.[2]

Davis, then self-represented, filed suit against the Defendants seeking general, special, and punitive damages. The circuit court entered an order scheduling a settlement conference with another judge (**Settlement Judge**) and a non-jury trial. Under the order, the parties were required to "deliver directly to the settlement judge a confidential settlement conference letter" (**Confidential Letter**).

At the settlement conference, there were no Confidential Letters submitted by the Defendants, who were also self-represented. Lima maintained that there was nothing for him to settle because he was not part of the contract between Warsh and Davis. The Settlement Judge stated, "So Mr. Lima is out with regard to any kind of settlement discussion." The Settlement Judge then continued the conference ordering the Defendants to submit their Confidential Letters pursuant to Rule 12.2(b) of the Rules of the Circuit Court of the State of Hawaiʻi (**RCCH**). Lima acknowledged he understood.

At the continued conference, the Defendants again submitted no Confidential Letters to the Settlement Judge.

---

[2] The alleged total expense of completing the pool, $191,151.73, less the contract price, $163,415.62, equals the additional expense, $27,736.11.

Instead, Lima and Warsh each submitted letters addressed to the circuit court judge, which the circuit court clerk treated as ex parte communication, filing the letters and serving the letters upon all parties.

Lima explained to the Settlement Judge that his failure to comply resulted from his misunderstanding that the circuit court would preside over the case and that the Settlement Judge was only "a stand-in for the day." Warsh explained that he tried to comply by filing in person, "thinking that that was the safest, most expedient way to get it done, well ahead of the deadline."

When the Settlement Judge threatened defaulting Warsh and Lima, Warsh argued for another opportunity to comply: "We were unaware of that. We did not thumb our nose at anything, and we thought we were complying. It was out of ignorance, not out of lack of respect. I'm asking you to give us one more opportunity."

The Settlement Judge then asked Davis if he was willing to accept the $7,500.00 Warsh offered in his letter to the circuit court. Davis rejected the offer. Lima's letter to the circuit court made no offer to settle on the basis that he was not party to the contract.

The Settlement Judge found Lima and Warsh "in utter noncompliance" and entered default against all Defendants.

Lima, then represented by counsel, moved to set aside the entry of default, which the circuit court denied. Lima then moved for reconsideration, which the circuit court also denied.

Ultimately, the circuit court entered judgment in favor of Davis and against the Defendants, awarding over a half-million dollars in money damages, including contract damages, treble damages, and attorneys' fees and costs. The circuit court, however, limited Lima's liability to $191,151.73 in damages[3] and $51,217.68 in attorneys' fees and costs, jointly and severally liable with the other Defendants.

On appeal, Lima raises five points of error, but his first point is dispositive.

In his first point of error, Lima contends that none of the enumerated conditions under RCCH Rule 12.2 "for imposing sanctions include failure to submit a settlement conference statement." Lima argues that RCCH Rule 12.2 should be strictly construed to not permit sanctions under the facts of this case because courts have construed identical language in RCCH Rule 12.1 as only permitting sanctions where one of the three conditions expressly imposed by the rule were met:

---

[3] It appears that the circuit court awarded Davis the full contract price for the pool in addition to the cost Davis claims he expended to complete the pool.

> Pursuant to clause (6) of RCCH Rule 12.1(a), one of three conditions must be present to trigger the imposition of sanctions: (1) a party or his or her attorney must fail to appear at a scheduled settlement conference; (2) a party or his or her attorney must neglect to discuss or attempt to negotiate a settlement prior to the conference; or (3) a party must fail to have a person authorized to settle the case present at the conference.

Kamaunu v. Kaaea, 99 Hawaiʻi 432, 440, 56 P.3d 734, 742 (App. 2002), aff'd, 99 Hawaiʻi 503, 57 P.3d 428 (2002). Lima's argument has merit.

This court reviews an award of RCCH Rule 12.2 sanctions under the abuse of discretion standard. See Canalez v. Bob's Appliance Serv. Ctr., Inc., 89 Hawaiʻi 292, 300, 972 P.2d 295, 303 (1999) (discussing standard of review for sanctions under identical language in RCCH Rule 12.1(a)(6)). "A court abuses its discretion whenever it exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party." Dela Cruz v. Quemado, 141 Hawaiʻi 338, 344, 409 P.3d 742, 748 (2018) (ellipsis omitted) (quoting Shanghai Inv. Co. v. Alteka Co., 92 Hawaiʻi 482, 491-92, 993 P.2d 516, 525-26 (2000)).

Here, the Settlement Judge sanctioned Lima for failing to file a Confidential Letter under RCCH Rule 12.2(a)(6). RCCH Rule 12.2(a)(6) allows for sanctions when (1) the party or party's attorney fails to appear at the settlement conference, (2) the party or party's attorney neglects to negotiate prior to the conference, or (3) the party fails to have someone

6

authorized to settle present at the conference.[4]  Failing to file a Confidential Letter is not one of the permitted reasons for sanctioning a party under RCCH Rule 12.2(a)(6).

In an attempt to show the Settlement Judge did not abuse his discretion, Davis cites Dela Cruz and Rearden Family Trust v. Wisenbaker, 101 Hawaiʻi 237, 65 P.3d 1029 (2003), as contrary authority that sanctions are permissible under RCCH Rule 12.2(a)(6) "when the defaulted party neglects to obey the court's orders, either intentionally or negligently, or when parties negotiate in bad faith."

Both Dela Cruz and Rearden involved a failure to appear for a settlement conference, not a failure to file a

---

[4]  RCCH Rule 12.2(a)(6), "Sanctions," provides:

The failure of a party or the party's attorney to appear at a scheduled settlement conference, the neglect of a party or the party's attorney to discuss or attempt to negotiate a settlement prior to the conference, or the failure of a party to have a person authorized to settle the case present at the conference shall, unless a good cause for such failure or neglect is shown, be deemed an undue interference with orderly procedures.  As sanctions, the court may, in its discretion:

    (i)    Dismiss the action on its own motion, or on the motion of any party, or hold a party in default, as the case may be;

    (ii)   Order a party to pay the opposing party's reasonable expenses and attorneys' fees;

    (iii) Order a change in the calendar status of the action; and/or

    (iv)  Impose any other sanction as may be appropriate.

(Formatting altered and emphasis added.)

Confidential Letter. Sanctions for failure to appear are expressly contemplated under RCCH Rule 12.2(a)(6). As such, both Dela Cruz and Rearden are materially distinguishable. Conversely, in Kamaunu, this court construed the identical language of RCCH Rule 12.1(a)(6) as not permitting sanctions for failing to make a pretrial monetary settlement offer. 99 Hawaiʻi at 440, 56 P.3d at 742.

And even if the failure to file a Confidential Letter were sanctionable pursuant to other authority,[5] the circuit court nevertheless abused its discretion in so doing under the five-factor test adopted in Weinberg v. Dickson-Weinberg, 123 Hawaiʻi 68, 71, 229 P.3d 1133, 1136 (2010).

In Weinberg, the Hawaiʻi Supreme Court adopted the Ninth Circuit's five-factor test to determine on appellate review whether "a discovery sanction constitutes an abuse of discretion." 123 Hawaiʻi at 71, 229 P.3d at 1136. Under that test, the relevant factors are: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party

---

[5] Here, because the circuit court's scheduling order requiring the Confidential Letters was entered pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 16, entry of sanctions, including default, may have been proper under subsection (f) of that rule for "fail[ure] to obey a scheduling or pretrial order." HRCP Rule 16(f) (allowing sanctions as set forth in HRCP Rule 37(b)(2)(B)-(D) governing discovery); Rearden, 101 Hawaiʻi at 253, 65 P.3d at 1045. However, this argument was not raised below or in the briefing and so is waived on appeal. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7) ("Points not argued may be deemed waived.").

moving for sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. (brackets omitted) (quoting W.H. Shipman, Ltd. v. Hawaiian Holiday Macadamia Nut Co., 8 Haw. App. 354, 362, 802 P.2d 1203, 1207 (App. 1990) (quoting United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 603 (9th Cir. 1988))).

Applying the five-factor test here, the first and second factors both weigh in favor of default because the default expedited resolution of the case. See Kamaunu, 99 Hawai'i at 444, 56 P.3d at 746 (concluding the first two factors weighed against default where trial was still required despite default). However, beyond that, the last three factors all weigh against default.

On the third factor, Davis was not prejudiced by Lima's conduct because the failure to file a Confidential Letter did not "impair[ Davis's] ability to go to trial or threaten[] to interfere with the rightful decision of the case." W.H. Shipman, Ltd., 8 Haw. App. at 364, 802 P.2d at 1208 (quoting Kahaluu Constr. Co., 857 F.2d at 604).

On the fourth factor, public policy "weighs heavily" against default. See Kamaunu, 99 Hawai'i at 444, 56 P.3d at 746 (concluding public policy of hearing cases on the merits "weighs heavily" against default); see, e.g., Chen v. Mah, 146 Hawai'i

9

157, 176, 457 P.3d 796, 815 (2020) (citing BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976); County of Hawaiʻi v. Ala Loop Homeowners, 123 Hawaiʻi 391, 423, 235 P.3d 1103, 1135 (2010)) ("Our cases have also expressed our policy of disfavoring defaults and default judgments and of resolving any doubt in favor of the party seeking relief, so that, in the interests of justice, there can be a full trial on the merits.").

Finally, on the fifth factor, the availability of "less drastic sanctions" weighs against default because any prejudice suffered by Davis as a result of Lima's failure to comply with the circuit court and the Settlement Judge's orders could have been remedied through the imposition of appropriate monetary sanctions such as Davis's expenses for the two conferences where Lima did not comply with the circuit court's order. See Kamaunu, 99 Hawaiʻi at 444, 56 P.3d at 746 (concluding that where less "drastic" sanctions than default are available, the fifth factor weighs against default).

Thus, on balance, the entry of default was an abuse of discretion. On remand, Lima is returned to the same position as before the error occurred. See Gurrobat v. HTH Corp., 135 Hawaiʻi 128, 134, 346 P.3d 197, 203 (2015) (citing Nelson v.

10

Univ. of Hawai'i, 99 Hawai'i 262, 267, 54 P.3d 433, 438 (2002)).

As such, we need not reach Lima's remaining points of error.

Based on the foregoing, we vacate the circuit court's September 26, 2025 First Amended Final Judgment and underlying orders, and remand this case for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawai'i, January 26, 2026.

| On the briefs: | /s/ Katherine G. Leonard |
| | Presiding Judge |
| Keith Y. Yamada, | |
| Michael R. Soon Fah, | /s/ Clyde J. Wadsworth |
| (Cades Schutte) | Associate Judge |
| for Defendant-Appellant. | |
| | /s/ Sonja M.P. McCullen |
| Jessica A. Daye, | Associate Judge |
| for Plaintiff-Appellee. | |